UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

TAPIWA MUSONZA                          :
c/o FORD LAW PROS PC                     :
10 G Street, NE, Ste. 600                :
Washington, DC 20002                     :
    Plaintiff,                           :
                                         :
  v.                                   :          Case No. _____
                                         :
OFFICER JONATHAN E. COSTANZO             :
OFFICER J. DITRICK (Badge #732)          :
OFFICER J. OTTMER (Badge #794)           :
                                         :
    Defendants                           :


**<u>COMPLAINT</u>**

(Seeking damages for police misconduct; violations of rights under the US
Constitution and the law of the District of Columbia)

COMES NOW the Plaintiff, Tapiwa Musonza, through undersigned counsel, and for his

complaint states as follows:

1.  This case arises from a highly publicized attack on Tapiwa Musonza inside of a

metro station located at 1020 U Street NW, Washington, D.C. 20001 also known as

the U Street/African American Civil War Memorial/Cardozo Station.  Defendants

WMATA Police Officers Jonathan E. Costanzo, J. Ottmer and J. Ditrick assaulted,

battered and arrested Mr. Musonza without any lawful basis.  Officer Costanzo also

tortuously caused criminal charges to be brought against Mr. Musonza for

assaulting a police officer, obstruction of justice and resisting arrest and fabricated

evidence to justify his use of excessive force.  The US Attorney dropped the charges but the arrest remains on Mr. Musonza's record hindering him from pursuing a career in his fields of choice: investment banking and supply chain management. Mr. Musonza has sustained serious physical injuries that have derailed his career and professional development.  Defendants' actions were a violation of Mr. Musonza's rights under the Fourth Amendment of the Constitution and constituted false arrest, battery and malicious prosecution under the laws of the District of Columbia.  Mr. Musonza seeks compensatory and punitive damages, attorneys' fees, costs and other appropriate relief.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. 1331 (federal question). Mr. Musonza (Plaintiff) brings this action under 42 U.S.C. 1983 to vindicate his rights established by the Fourth Amendment to the U.S. Constitution. Plaintiff's claims under the common law of the District of Columbia arise from the same occurrences as the constitutional claims and are within the Court's supplemental jurisdiction pursuant to 28 U.S.C. 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) because the events giving rise to the Plaintiff's claim occurred in the District of Columbia.

## PARTIES

4. Plaintiff Tapiwa Musonza is an adult resident of the District of Columbia.

5. Defendant Jonathan E. Costanzo is a sworn officer employed by the Washington Metropolitan Area Transit Authority (WMATA).  At all times during the events at

issue he was acting under the color of law and within the scope of his employment. He is sued in his individual capacity.

6. Defendant J. Ditrick is a sworn officer employed by WMATA.  At all times during the events at issues he was acting under the color of law and within the scope of his employment. He is sued in his individual capacity.

7. Defendant J. Ottmer is a sworn officer employed by WMATA. At all times during the events at issues he was acting under the color of law and within the scope of his employment. He is sued in his individual capacity.

<u>FACTS</u>

*Unlawful Seizure and Excessive Force*

8. Mr. Musonza is a 2016 graduate of Howard University, where he received a Bachelor's degree in finance and economics.  Musonza, 29 years old, has a professional background in investment banking and, upon graduation, began his career at Wells Fargo Bank as a Financial Analyst and Portfolio Manager.

9. At the time of the incident on June 22, 2019, Mr. Musonza was about to begin course work at MIT in supply chain management and logistics. The course began on or about July 10, 2019.

10. On Saturday, June 22, 2019 at approximately 5:00 p.m. Mr. Musonza was waiting for his train at the U Street Cardozo Station. While waiting, he when he saw Officers Ottmer and Ditrick pursuing an adolescent boy inside of the metro station on the train platform.  The officers chased the child and then captured him and handcuffed

him and held him in a prone position (face down on the ground) for a very prolonged period of time, which is a violation of Metropolitan Police Department regulations.

11. Mr. Musonza observed the officers and grew concerned for the child's welfare because the police were brutally handling him. Moreover, Mr. Musonza observed that the child, who appeared to be a minor, had no guardians present.

12. Mr. Musonza asked the officers why they had the child on the ground and in handcuffs. The child was approximately 98 pounds and 5'3. The officer who, upon information and belief, was Officer Ditrick responded that there was an open investigation.

13. Mr. Musonza asked the officers to put the child on a bench in the station. They complied. Mr. Musonza then asked the officers if they knew the age of the child. The officer who, upon information and belief, was Officer Ditrick responded by asking the child his age. The child responded that he was 14.

14. At all times during this conversation Mr. Musonza was standing on one side of the double-sided bench while the officers were on the other side. Mr. Musonza did not touch, hit or threaten the officers at any time.

15. At no time did Officers Ditrick or Ottmer touch Mr. Musonza or tell him that he was interfering or to otherwise step away from them or the child.

16. As Mr. Musonza was explaining to Officers Ditrick and Ottmer that he was only inquiring of the officers out of his concern for the child's safety, suddenly and without warning, a third officer, Jonathan E. Costanzo rushed down one of the escalators and came running towards Mr. Musonza screaming "Step back!"

17. As he approached Mr. Musonza, he aggressively shoved him in the chest.   He then told Musonza that he was "interfering."

18. Shocked by the officer's aggression, Mr. Musonza immediately put his hands up with palms outward facing so that the officer could see that he was unarmed.

19. Officer Costanzo continued pushing Mr. Musonza back causing him to bump into another man who was standing on the platform.

20. At no point in time did Mr. Musonza try to hit, push, or physically threaten Officer Costanzo.  Officer Costanzo, without warning, pulled out a taser and deployed it repeatedly while pointing it at Mr. Musonza's torso and groin area.

21.   Another officer, believed to be Officer Ditrick, then grabbed Mr. Musonza from behind and threw him to the ground causing Mr. Musonza to hit his head on the cement floor.

22. As Mr. Musonza writhed in pain from the shock of the taser, Officer Costanzo deployed his taser again pointing it at Mr. Musonza's buttocks, knees, inner thighs and legs, while another officer, believed to be Officer Ditrick, pinned him down.

23. Mr. Musonza gasped for his breath while Officer Ditrick remained on top of him. Officer Costanzo continued deploying his taser into Mr. Musonza's body. Ultimately, Officer Costanzo tased Mr. Musonza again in his upper torso.  At this time, both Officer Costanzo and the other officer, believed to be Officer Ditrick, raised Mr. Musonza to his knees.

24. After Officer Costanzo handcuffed Mr. Musonza, both officers persisted in trying to push him back down to the ground after he was already in handcuffs.

25. Mr. Musonza was charged him with Assaulting a Police Officer (APO), Resisting Arrest and Obstruction of Justice.

26. Upon information and belief, the officers' alleged "investigation" of the young man for whom Mr. Musonza advocated, did not result in any arrest or charges for the young man.

### Failure to Mirandize and Follow Official Protocol

27. After he was arrested, several officers escorted Mr. Musonza up the escalator.

28. Mr. Musonza asked the officers, "What did I do wrong?" "Why am I being arrested?" "Can you please loosen the cuffs? They are hurting my wrists." The officers did not respond.

29. Upon hearing an arrestee's complaint about the cuffs, the officers are required to investigate the complaint and document the injury according to official policy. Officers Costanzo, Ditrick and Ottmer failed to do this.

30. An EMT arrived at the scene and asked Mr. Musonza if he was feeling any pain. Mr. Musonza replied that the cuffs were hurting him but no one would loosen the cuffs. Mr. Musonza declined to go the hospital because he was under the impression that he was about to be released.

31. One officer removed the taser prongs from Mr. Musonza's body, while another asked for his identification and another took photos.

32. None of the officers read Mr. Musonza his Miranda rights, which is another violation of official policy.

33. A member of the Metropolitan Police Department transported Mr. Musonza to three different precincts before finding one with enough room in their holding facilities.

34. Mr. Musonza was processed at the Second District police station. Upon entering the station, Mr. Musonza asked the processing officer why he was there.  The officer told him that he was being charged and read him a list of charges.  This was the first time that any officer informed Mr. Musonza why he was arrested.

35. Mr. Musonza was held the entire weekend.

36. The police would not allow Mr. Musonza to call his family for the duration of his time in jail.

37. On June 23, 2019, his mother, Patience Musonza, contacted the Metropolitan Police Department to file a missing persons' report on her son.  The police informed her that he was being held at Second District precinct.

38. She immediately retained counsel for her son's criminal defense.

39. Mr. Musonza was released on or about 5pm on Monday, June 24, 2019.

40. Officer Costanzo's use of force was excessive, unreasonable and was done in violation of Metropolitan Police Department regulations (hereafter "MPD regulations").  Metro Transit Police Officers in the District of Columbia are subject to the same limitations, including regulatory limitations, in the performance of their duties as Metropolitan Police Officers. D.C. Code §9-1107.1.

41. MPD regulations prohibit the use of an electronic control device ("ECD" or "taser") against a person who is not actively resisting a police officer.

42. Mr. Musonza was not actively resisting Officer Costanzo or any officer at the time Officer Costanzo deployed his taser.   Mr. Musonza's subsequent arrest and prosecution were unlawful.

### *Damages Suffered by Mr. Musonza*

43. Due to the injuries Mr. Musonza sustained as a result of the attack and arrest, Mr. Musonza is unable to complete his course work at MIT.  He was forced to withdraw from the school because of symptoms he is experiencing from post-concussive disorder, post-traumatic stress disorder and other conditions.   He is also experiencing chronic pain in his torso, liver damage, insomnia and loss of ability to concentrate and retain data, amongst other symptoms. He is taking several medications, including heavy anti-depressant medications.

44. The extent of Mr. Musonza's cognitive damage has significantly and negatively altered his career trajectory and income.   His coursework at MIT is deferred indefinitely.  The operations and income from his supply chain management start-up company have come to screeching halt.

45. The criminal charges against him were dropped after he spent two nights in jail, however, he still has an arrest record for these three charges.

46. The impact of the brutal attack and arrest record on Mr. Musonza's professional trajectory is substantial and permanent.

47. Mr. Musonza brings this lawsuit against Officer Costanzo and the other officers for battery, false arrest, malicious prosecution and violations of his federally protected civil rights.

## COUNT I:
### VIOLATION OF FOURTH AMENDMENT RIGHTS:
### UNLAWFUL SEIZURE AND EXCESSIVE USE OF FORCE

48. Mr. Musonza's conduct on June 22, 2019, did not provide the officers with probable cause to believe that he had committed, was committing or was about to commit a crime.

49. Defendants' arrest and battery of Mr. Musonza without probable cause violated his right under the Fourth Amendment of the US Constitution to be free of unreasonable seizure and the use of excessive force.  Violation of that right is made actionable by 42 U.S.C. 1983, and Officers Costanzo, Ditrick and Ottmer are jointly and severally liable for compensatory and punitive damages.

50. The relevant law was clearly established at the time of Defendants' actions.  No reasonable police officer could have believed that Mr. Musonza's conduct justified excessive force and seizure.

## COUNT II:
### FALSE ARREST

51. Defendants' arrest of Mr. Musonza without probable cause constitutes false arrest under the laws of the District of Columbia, for which Officers Costanzo, Ditrick and Ottmer are jointly and severally liable for compensatory and punitive damages.

## COUNT III:
### ASSAULT AND BATTERY

52. Defendants' intentional use of force against Mr. Musonza by tasing him repeatedly and taking him down to the ground and pinning him there, without legal

justification, constitutes assault and battery under the law of the District of Columbia. Officers Costanzo, Ditrick and Ottmer are jointly and severally liable for compensatory and punitive damages.

### COUNT IV:
### MALICIOUS PROSECUTION

53. Defendants' intentional actions caused unjustifiable and unreasonable criminal charges to be initiated against Mr. Musonza in reckless and willful disregard of his right and without probably cause.  The stain of an arrest record remains a permanent smear to Mr. Musonza's record and reputation. This constitutes malicious prosecution under the laws of the District of Columbia. Officers Costanzo, Ditrick and Ottmer are jointly and severally liable for compensatory and punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

1) FIND that the actions of Defendants, as alleged herein, violated Mr. Musonza's Fourth Amendment Rights and the laws of the District of Columbia;

2) ENTER JUDGMENT awarding compensatory and punitive damages against Defendants in an amount appropriate to the evidence adduced at trial;

3) ENTER JUDGMENT awarding costs and attorney's fees in this action as provided in 42 U.S.C. 1983 and

Grant such relief as this Court may deem necessary and proper.

## JURY DEMAND

Plaintiff requests a trial by jury.

Respectfully Submitted,
*/s/ Yaida O. Ford*
Yaida O. Ford, Esq.
D.C. Bar #497013
FORD LAW PROS P.C.
10 G Street, NE, Suite 600
Washington, DC 20002
Tel: 202-792-4946
Email: yford@fordlawpros.com
*Counsel for Plaintiff*