UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TAPIWA MUSONZA :
:
    **Plaintiff,** :
:
v. :
: CASE NO.: 1:19-cv-02779 TSC
OFFICER CONSTANZO, :
OFFICER DITRICK, and. :
OFFICER OTTMER :
:
    **Defendants.** :

**OFFICER OTTMER'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS
MOTION TO DISMISS THE COMPLAINT**

**COMES NOW** Defendant Officer Ottmer, pursuant to Federal Rule of Civil Procedure 12(b)(6), and hereby moves to dismiss Plaintiff's Complaint against him. Plaintiff alleges that on June 22, 2019 at about 5:00 p.m., while at WMATA's U Street/African American Civil War Memorial/Cardozo Metrorail station, when WMATA police officers told him not to interfere with the investigation of juvenile who was in handcuffs and that in the ensuing interaction, one of the MTPD officers used his conducted electrical weapon (CEW) on Plaintiff. Plaintiff asserts four counts against all three Defendants in his Complaint: violations of his Fourth Amendment rights (excessive force and unlawful seizure) and common law counts of false arrest; assault and battery; and, malicious prosecution.

**LEGAL STANDARD FOR MOTION TO DISMISS**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint. In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 563 (2007), the Supreme Court held

a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A complaint must include well-pleaded factual allegations that plausibly give rise to an entitlement for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where a plaintiff's allegations "do not permit the court to infer more than the mere possibility of misconduct," then a plaintiff has alleged, without showing, entitlement to relief, and the case can be dismissed. *Id*. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

## I. **LEGAL ARGUMENT**

"Dismissal under Rule 12(b)(6) is proper when a plaintiff has failed to plead 'enough facts to state a claim to relief that is plausible on its face' and to nudge his claims 'across the line from conceivable to plausible.'" *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1338 (D.C. Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . ." *Twombly*, 550 U.S. at 555. As stated above, a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *id*., and must "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555. To state a facially plausible claim, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Plaintiff has not met his burden of pleading. In his Complaint, Plaintiff includes a section with the heading, "Facts," in which Plaintiff makes multiple allegations. *(See* Complaint, ECF #1, ¶¶ 8-47). None of the relevant allegations pertain to Officer Ottmer. Under "Facts," Plaintiff inserts several subheadings, with the first of which is, "Unlawful Seizure and Excessive Force." (*Id*. at ¶¶ 8-26.) Those eighteen paragraphs pertain to Plaintiff's claim of unlawful seizure and excessive force.

Plaintiff mentions Officer Ottmer just two times in these eighteen paragraphs: first, Plaintiff states that Officer Ottmer did not touch Plaintiff or tell him that he was interfering (*Id*. at ¶ 15,) and second, Plaintiff states he was explaining something to Officer Ottmer when Officer Constanza arrived. (*Id*. at ¶ 16.) Under the second subheading, "Failure to Mirandize and Follow Official Protocol," Plaintiff alleges that unidentified officers escorted him the escalator and failed to "follow official protocol." (*Id*. at ¶¶ 27-42.) The final subheading is called "Damages," in which Plaintiff states his alleged damages. *(Id*. at ¶¶ 43-47.)

Plaintiff asserts four counts against all three officers in his Complaint. In Count One, Plaintiff alleges constitutional violations under the Fourth Amendment for Plaintiff's alleged unlawful seizure and for the alleged excessive force used against Plaintiff. However, the two references Plaintiff makes to Officer Ottmer (*Id*. at ¶¶ 15-16) fail to state a claim upon which relief may be granted, whether the Court looks at Plaintiff's claim made under Count One for excessive force and unlawful seizure, or whether the Court looks to Plaintiff's other common law claims of his Complaint. In Counts Two through Four, Plaintiff alleges common law claims of false arrest; assault and battery; and, malicious prosecution. Plaintiff never alleges that Officer Ottmer arrested him (he did not) (*see* Count II); or that Officer Ottmer committed assault and battery by repeatedly tasing him and taking him to the ground (he did not) (s*ee* Count III allegations). In fact, Plaintiff fails to allege *any factual content* pertaining to Officer Ottmer rising to the level a cognizable claim under any of Plaintiff's four counts.

Accordingly, as Plaintiff has failed to state a claim against him for which relief may be granted, Defendant Ottmer must be dismissed with prejudice from this lawsuit.

## II. CONCLUSION

**WHEREFORE**, for the reasons set forth above, Officer Ottmer respectfully requests that this Court grant this motion and dismiss, with prejudice, Plaintiff's Complaint against Officer Ottmer pursuant to Fed. R. Civ. P. 12(b)(6), because Plaintiff fails to state a cause of action upon which relief could be granted.

October 22, 2019

Respectfully submitted,

*/s/ Janice L. Cole*
Janice L. Cole, Esquire (#440351)
**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**
Senior Counsel II
600 Fifth Street, N.W.
Washington, D.C. 20001
T: (202) 962-2543
F: (202) 962-2550
jlcole@wmata.com
*Attorney for Defendant Ottmer*