UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TAPIWA MUSONZA | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CASE NO.: 1:19-cv-02779 TSC |
| OFFICER CONSTANZO *et al*. | : | |
| | : | |
| | : | |
| Defendants. | : | |

## JOINT RULE 16.3 STATEMENT

Pursuant to the Court's Order on Pretrial Deadlines, Fed. R. Civ. P. 26(f), and LCvR 16.3, counsel for all parties met telephonically on December 3, 2019 and conferred with respect to the matters required by the foregoing authorities. In attendance on behalf of Plaintiff was Yaida Ford; in attendance on behalf of Defendants was Janice Cole, counsel for Defendants Costanza and Ditrick. Officer Ottmer has been voluntarily dismissed. The parties jointly submit this report setting forth their positions on the matters discussed in the conference.

I. **Brief Description of the Case**

On Saturday, June 22, 2019, Plaintiff was a passenger at the U Street Cardozo Station when MTPD officers were there responding to calls involving juveniles. Plaintiff's interactions with the officers and juveniles, and the officers' response, are at issue in this matter. Plaintiff asserts he was concerned for the children's welfare and asking questions of the officers; the officers assert Plaintiff was seeking to hinder and/or

prevent the officers from investigating and/or arresting the juveniles. During their course of interaction, Officer Costanzo used his conducted electronic weapon ("CEW") on Plaintiff and arrested him. As a result, Plaintiff alleges that he sustained serious injuries and that his constitutional rights were violated.

1. **Claims of the Plaintiffs**

Plaintiff brings this suit against Defendants Costanza and Ditrick in their individual capacities. He alleges that Defendants violated the Fourth Amendment of the Constitution of the United States, 42 U.S.C. § 1983 (Count One); and that Defendants are also subject to liability for the state law offences of false arrest (Count Two); assault and battery (Count Three); malicious prosecution (Count Four).

2. **Defenses of Defendants**

Officer Costanzo and Ditrick assert that they had actual and good faith probable cause to detain and arrest Plaintiff, as well as legal justification for their actions. Officer Costanzo's use of his conducted electrical weapon ("CEW") was legally justified under the totality of the circumstances. Both Defendants assert qualified privilege as well as qualified immunity.

## II. Matters Discussed by the Parties Pursuant to LCvR 16.3(c)

**(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

A dispositive motion has not been filed, and therefore discovery is ready to begin.

Plaintiff does not believe that the case is likely to be disposed of by any future dispositive motion.

Defendants intend to file a motion for summary judgment that will be dispositive of this matter.

**(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The parties agree that the deadline for joining additional parties and amending pleadings should be **February 28, 2020**. At this time, the parties do not believe that any specific factual or legal issues can be narrowed any further.

**(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties agree that the case should not be assigned to a magistrate judge for all purposes.

**(4) Whether there is a realistic possibility of settling the case.**

The parties have not discussed the possibility of settlement. Counsel for all parties have indicated that they believe settlement discussions are premature at this juncture.

**(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:**

    **(i)** the client's goals in bringing or defending the litigation;

    **(ii)** whether settlement talks have already occurred and, if so, why they did not produce an agreement;

    **(iii)** the point during the litigation when ADR would be most appropriate, with special consideration given to:

        **(aa)** whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

        **(bb)** whether ADR should take place before or after the judicial resolution of key legal issues;

    **(iv)** whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

**(v)** whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

The parties do not request ADR at this time.

**(6)** **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Plaintiff does not believe that the case is likely to be disposed of by any future dispositive motion.

Defendants will file a motion for summary judgment, which they anticipate will dispose of this matter.

The parties agree that dispositive motions should be filed on or before **October 12, 2020**; that any briefs in opposition be filed on or before **November 9, 2020**; and that any replies thereto be filed on or before **November 23, 2020**.

**(7)** **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties agree that initial disclosures should be exchanged on or before **February 1, 2020**. The parties do not see a need to modify the scope or form of those disclosures.

**(8)** **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties agree to complete all discovery, including answers to interrogatories, document production, requests for admissions, and depositions, by **July 30, 2020**. This reflects a six-month discovery period, which the parties believe is sufficient to investigate claims and defenses. The parties agree to promptly begin the discussion of a protective order to ensure that

discovery is not delayed by the need to protect confidential information. The parties agree to adhere to the presumptive limits of discovery set forth under Rules 30 and 33.

**(9) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

    a. When producing emails that have attachments, the parties will produce the emails with attachments together in parent-child form and with sequential bates numbering.

    ***PLAINTIFF'S REQUEST***: In an effort to cut down on discovery disputes, Plaintiff makes the following proposal regarding electronically stored information:

    b. *Documents from officer's files, medical records or information provided to the parties by third-parties should be produced in the manner that the files are maintained. However, if the parties learn during the course of discovery that responsive documents that they produced are disorganized and/or have been produced in a manner that is inconsistent with the way they have been maintained, the parties shall organize the documents in a manner that makes the origin and purpose of the document clear to the producer of the information upon review.*

    *\*Defendants do not agree to the language of 9.b: because: 1) They do not believe this scheduling order is the appropriate vehicle by which to manage the minutiae of discovery; 2) the requested language affirmatively requires that the producing party accept assistance from receiving party in organizing the discovery to allow the producing party to understand the "origin or purpose of the document;" a standard not set forth in any discovery rule and, 3) Defendants do not agree that the organization of discovery must be jointly agreed-upon, as each party may organize discovery in the manner that is appropriate for that party.*

> *Defendants' counsel will work with Plaintiff's counsel in good faith on any discovery issue that may arise.*

    c. The parties will work together to develop any other protocol for the production of electronically-stored information and reach out to the Court only if there are disagreements that cannot be resolved.

**(10) Any issues about claims of privilege or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The parties will seek an order under Federal Rule of Evidence 502.

**(11) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The parties agree that the requirements of Rule 26(a)(2) should not be modified. The parties agree to the following schedule for expert disclosures:

    Plaintiff's expert disclosures:    March 15, 2019
    Defendants' Expert Disclosures:    April 30, 2020
    Replies to Expert Disclosures:    May 15, 2020

**(12) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

**(13) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties agree that there is no need for bifurcation as to either discovery or trial.

**(14) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties defer to the Court regarding the timing of setting a pretrial conference date.

**(15) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

    The parties request that the date be set at the Pretrial, when the Court and parties are better able to assess what, if any, claims remain after dispositive motions and to account for unforeseen scheduling issues that may arise during the course of litigation.

**(16) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

    None.

December 3, 2019

Respectfully submitted,

/s/_____
Yaida Ford D.C. Bar #497013
FORD LAW PROS P.C.
10 G Street, NE, Suite 600
Washington, DC 20002
Tel: 202-792-4946
Email: yford@fordlawpros.com
*Counsel for Plaintiff*

/s/ *Janice L. Cole,*_____
Janice L. Cole #440351
Senior Counsel II
600 Fifth Street, N.W.
Washington, D.C. 20001
Telephone: (202) 962-2543
Facsimile: (202) 962-2550
E-mail: jlcole@wmata.com

*Counsel for Defendants Costanza and Ditrick*