IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAPIWA MUSONZA<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER COSTANZO, et al.<br><br>　　　　Defendant. | Civil Action No. 1:19-cv-02779 (TSC) |

### RULE 72(a) OBJECTION TO MAGISTRATE JUDGE'S ORDER

NOW COME defendants, Officers Costanza and Ditrick (hereinafter "Defendants"), by and through undersigned counsel and pursuant to Fed R. Civ. P. 72(a), hereby object to the August 31, 2020 Minute Order and for reasons state the following:

A. Legal Standard

"A party may object to a magistrate judge's determination in a discovery dispute." *Moore v. Chertoff,* 577 F. Supp. 2d 165, 166 (D.D.C.2008) (quoting *Graham v. Mukasey,* 247 F.R.D. 205, 207 (D.D.C.2008)). "On review, the magistrate judge's decision is entitled to great deference unless it is clearly erroneous or contrary to law…." *Id.*

B. Argument

   1. <u>The Order For Defendants To Answer Interrogatory No. 22 Is Clearly Erroneous</u>

Defendants were ordered to answer Interrogatory No. 22 in its entirety. *See* Min Order dated 08/31/20. The order is clearly erroneous. It conflicts with an earlier ruling made by this court on April 9, 2020. And, it requires Defendants to produce information which have no relevance to the claims asserted in this case.

Interrogatory No. 22 asked:

> Please identify the following information about individuals whom you have detained or arrested from 2017 to the present and for <u>each respective year</u> provide the following:
>
> a. State the number of individuals that you have detained and those you have arrested. These should be two separate categories. In those same categories, identify, by percentage, how many detainees and arrestees were Black, White, Hispanic/Latino, Asian or other.
> b. Identify the locations of each detention or arrest by metro station (if applicable), bus stop (if applicable) or city and state and provide the number of arrests and detentions at each location.
> c. By percentage identify how many of the detainees and arrestees are under age 30.
> d. Of the arrests that you made, identify by percentage the crime committed and provide a breakdown, by percentage, of the race, color or ethnicity of the individuals whom you reported as being perpetrators of those crimes.
> e. Identify the number of arrests that resulted in prosecutions, pre-trial dismissals, guilty pleas entered, not guilty verdicts, and guilty verdicts.

On April 2, 2020, the parties submitted a joint email to the court detailing their discovery dispute. *See* Exhibit No. 1 – (040220 email to chambers with attachment). Defendants argued, among other things, that Interrogatory No. 22 requested irrelevant information. *Id.* Plaintiff argued that Interrogatory No. 22 was relevant to the common law claims of assault and battery and his claim for punitive damages. *Id.* On April 9, 2020, this court quashed all discovery requests from Plaintiff seeking racial and/or other personal data of Defendants' previous arrestees, unless Plaintiff could demonstrate relevance. *See* Min Order dated 04/09/20. Plaintiff failed to show then, and fails to show now, any relevance or relationship between race and/or other personal data of prior arrests made by Defendants to a Fourth Amendment and common law claim for assault and battery, false arrest, and malicious prosecution.

On April 30, 2020, the parties filed a joint Notice of Discovery Dispute pursuant to this court's April 9, 2020 Minute Order. *See* ECF No. 14 – (Notice of Discovery Dispute). There,

Plaintiff repeated the same arguments made in the April 2, 2020 joint email to chambers.  He asserted incorrectly that Interrogatory No. 22 was relevant because "an officer's prior [bad] acts may be admissible in a case like this one, where a plaintiff is bringing common law claims for assault and battery." *Id.* at 6 of 15.  He relied on *Mazloum v. DC Metro Police Dept*, 517 F. Supp. 2d 74, 81 (D.D.C.2007) which pertained to an officer's prior *criminal acts Id.*  There are no prior criminal acts at issue in this matter. Plaintiff also conceded that Interrogatory No. 22 was not relevant to his 42 U.S.C. §1983 claims.  He argued that the interrogatory was relevant to establish intent and credibility.  *Id.*  Nowhere in his submission did he argue the relevancy of the *demographic* information he sought.

   Then, on June 30, 2020, on the eve of the scheduled oral argument before Magistrate Judge Robinson, without leave of Court and contrary to the Court's Minute Order setting forth the briefing procedure, Plaintiff filed a supplemental memorandum in which he alleged that his arrest was one of the many cases involving white police officers arresting a black man. *See* ECF # 17 – (Supp Memo at 2-3).  Other than referencing the race of the parties in the instant case, Plaintiff failed to produce any legal authority demonstrating that the requested demographic information was relevant to the claims in his case.  Instead, he shifted focus completely and cited to *Scaife v. Boenne,* 191 F.R.D. 590, 595 (N.D. Ind. 2000) and *Martinez v. Stockton,* 132 F.R.D. 677, 683(E.D. Cal. 1990) for the proposition that he was entitled to Defendants' complete disciplinary file because he was seeking punitive damages in his Section 1983 case against Defendants.[1]  *Id.*

---

[1] Plaintiff significantly misread *Scaife*.  Nothing in *Scaife* suggests that a claim for punitive damages automatically made an officers' complete disciplinary file relevant and discoverable.  *Scaife* generously interpreted *Martinez v. City of Stockholm,* which held that a claim for punitive damages was one of two exceptions to the general rule that an officers' prior complaint history had no relevance to a Fourth Amendment claim.  *See Scaife,* 191 F.R.D. at 595 (citing *Martinez v. City of Stockton,* 132 F.R.D. 677, 682 (E.D.Cal.1990)).  *Martinez,* however, does not suggest that

Defendants believe the August 31, 2020 Minute Order is clearly erroneous. This court previously quashed the request for racial and/or other personal data pertaining to Defendants' previous arrestees. Plaintiff has not explained how the information is legally relevant to the claims in this case. His attempt at doing so in his unauthorized June 30, 2020 filing was woefully lacking in substance. Merely stating that he is black and the arresting officers are white is not an explanation demonstrating relevancy. Making conclusory assertions pertaining to national media stories about black men being arrested, injured, and/or killed by white police officers is not an explanation pertaining to relevancy. The fact is, there is no relevancy argument Plaintiff could make which would make the racial and/or other personal data of Defendants' previous arrestees relevant to claims asserted in the pleadings. As such, the August 31, 2020 Minute Order is inapposite to this court's April 9, 2020 Minute Order disallowing the inquiry and Defendants object.

The Supreme Court has made clear that for claims alleging violations under the Fourth Amendment, an officer's actions are reasonable if the circumstances, viewed objectively, justify

---

a claim for punitive damages automatically makes an officer's previous complaint history relevant and/or discoverable. Specifically, *Martinez* stated:

> The second exception to the general rule concerns allegations of punitive damages. The Supreme Court and appellate courts since *Graham* have been silent on this aspect of § 1983 claims with respect to the recently changed liability standard. Plaintiffs can only recover punitive damages if there is evidence of evil motive or a reckless disregard for the constitutional rights of others. *Smith v. Wade,* 461 U.S. 30, 51 (1983). The cases that have dealt with punitive damage claims in light of the *Graham* standard have simply assumed the point that "intent" evidence is relevant without discussion. *Martinez,* 132 F.R.D. at 683 (citing *Moody v. Ferguson,* 732 F. Supp. 627 (D.S.C.1989); *Pastre v. Weber,* 717 F. Supp. 992 (S.D.N.Y.1989) aff'd, 907 F.2d 144 (4th Cir.1990)).

*Martinez* further stated "[b]ecause the liability claim is allied with a claim for punitive damages, this second exception does not demand complete disbanding of the general rule. *Martinez,* 132 F.R.D. at 683. *Martinez* held that "discovery of an officer's past record (with the attendant possibility that all of these incidents will become trials within themselves) should only be permitted when: (1) the allegations of the complaint, if proved, would probably result in a punitive damage award, and (2) review of the sought discovery (preferably *in camera*) would indicate that there is a reasonable possibility that the potential discovery would lead to a verdict of punitive damages." *Id*.

the action; thus, the officer's state of mind is irrelevant. *See Graham,* 436 U.S. at 397; *see also Scott v. United States*, 436 U.S. 128, 138 (1978). "[T]he subjective intent of the law enforcement officer is irrelevant in determining whether the officer's actions violate the Fourth Amendment … the issue is not his state of mind, but the objective effect of his actions." *Bond v. U.S.,* 529 U.S. 334, 338, n.2 (2000). Information regarding an officer's previous arrests, therefore, have no bearing on the Fourth Amendment analysis.

Even cases cited in Plaintiff's unauthorized filing (ECF # 17) confirms Defendants' argument. *See Scaife,* 191 F.R.D. at 595 (citing *Graham,* 490 U.S. at 394-96) (The only proper frame of reference for the adjudication of excessive force arrest cases was the Fourth Amendment's reasonableness standard, *i.e.*, what would the reasonable officer would have done under the circumstances.) Both *Scaife,* and the case it relied upon, *Martinez,* acknowledged that that "the time consuming and controversial plunge into the past complaint records of arresting police officers is, as a general rule, unnecessary because it lacks relevance." *Id.* (*citing Martinez,* 132 F.R.D. at 682.) And, although *Martinez* acknowledged that a claim for punitive damages creates an exception to the general rule, it nevertheless explained the "<u>exception does not demand complete disbanding of the general rule.</u>" *Martinez,* 132 F.R.D. at 683.

Likewise, demographic information regarding previous arrests have no legal relevance to the common law claims of assault and battery. Plaintiff cited no authority to suggest otherwise. In the joint Notice of Discovery Dispute, he cited *Mazloum v. DC Metro Police Dept*, 517 F. Supp. 2d 74, 81 (D.C.D. 2007) for the proposition that an officer's prior criminal acts may be admissible to prove intent. *See* ECF # 14 (Notice of Discovery Dispute at 6 of 15). Plaintiff's Interrogatory No. 22 does not ask for Defendants "prior criminal conduct." Interrogatory No. 22

5

requests three years-worth of demographic information pertaining to Defendants' previous arrestees.

Defendants object to the August 31, 2020 Minute Order compelling them to answer Interrogatory No. 22 in its entirety.  The information is irrelevant and therefore not discoverable.

2. The Order To Produce Personnel Files Is Clearly Erroneous

Defendants object to the August 31, 2020 Minute Order compelling Defendants to produce their personnel file as clearly erroneous.  There was no dispute submitted to the court concerning Defendants' personnel file.  *See* ECF # 14 (Notice of Discovery Dispute).  The August 31, 2020 Minute Order exceeded the scope of the dispute and/or controversy before the court, and is clearly erroneous.  Such a request is subject to relevancy, confidentiality, and unwarranted invasion of privacy arguments.

3. The Order to Produce Training Files and Standards Is Clearly Erroneous

Finally, Defendants object to the August 31, 2020 Minute Order requiring them to produce complete training files and complete training standards used in the District of Columbia related to use of force, tasers, arrests, and handcuffing.  Given that Defendants acknowledged that they have produced the responsive documents they had custody and control of, it is unclear what additional records are being compelled.  *See* ECF # 14 (Notice of Discovery Dispute at 13 of 15).  To the extent that the August 31, 2020 Minute Order was meant to address Plaintiff's unsupported assertion that "Defendants have NOT produced the complete and/or relevant training files," the order is clearly erroneous and contrary to clearly established precedent in this court.

"Courts supervising discovery are often confronted by the claim that the production made is so paltry that there must be more that has not been produced …." *Hubbard v. Potter,* 247

F.R.D. 27, 29 (D.D.C.2008) (citing *Zubulake v. UBS Warburg LLC,* 217 F.R.D. 309, 313 (S.D.N.Y.2003)).  "Speculation that there is more will not suffice…" *Id.*

 Here, Defendants have produced their complete training files maintained by the Metro Transit Police Department (MTPD).  *See* ECF # 14 (Notice of Discovery Dispute at 13 of 15). And, although Plaintiff's request for MTPD's "training standards" is ambiguous and unclear, Defendants have produced documents responsive to the request: 1) the MTPD General Orders for Use of Force; Arrest Policy; Conducted Electronic Weapons; Prisoner Transportation, Juvenile Operations; Contacts, and Stops and Frisks.  These General Orders contain MTPD's policies and standards related to those subject matters. And, 2) Defendants' training records maintained by the MTPD.  *Id.* at 10-15.  The August 31, 2020 Minute Order compelling Defendants to produce "training standards" failed to account for Defendants' responsive production and is duplicative and clearly erroneous.

 To the extent the August 31, 2020 Minute Order requires Defendants remove the redactions which blocked their personal information and the proprietary information of their employer, Defendants contend the order is still clearly erroneous.  Defendants have produced their information, but not WMATA's proprietary information.  Additionally, personal identifying information ("PII") was redacted.  For example, Officer Costanzo produced his score on his exams (Costanzo's document production at pp. 0117, 0123, 0128), but not WMATA's actual exam questions from its juvenile and traffic law exams. (Defendant Costanzo's production at 0117 - 0123).   The names of other officer candidates and their scores were redacted. ( *Id*. at 0128).  Officer Costanzo's social security number was redacted (*Id*. at 0135, 142, 143, 0151, 0156, 0159), as was his home phone and mailing address (*Id.* at 0135, 0141, 0151, 0159); his date of birth  (*Id*. at 0137, 0151, 0159); his operator license number was redacted  (*Id.* at 0139,

0151).   Additionally, his actual signature was redacted (*Id*. at 0144,0150, 0151, 0153); other actual signatures were redacted (*Id*. at 0145), although the printed name remains.  The same redactions were made in Officer Ditrick's training files.  To the extent the August 31, 2020 Minute Order requires that Defendants' remove these redactions, it is clearly erroneous.  There is no valid discovery purpose to producing documents with an officer's home phone number, his home address or social security number, or even his signature.

C.  Conclusion

For the reasons articulated above and in ECF #s 14 and 18, Defendants respectfully object to the August 31, 2020 Minute Order issued by Magistrate Judge Robinson and asks this court to vacate with regard to these exceptions to the Order.

Respectfully submitted,

/s/ Neal M. Janey, Jr.
Neal M. Janey, Jr. #995449
Senior Counsel

/s/ *Janice L. Cole*
Janice L. Cole #44035
Senior Counsel II

WMATA Office of General Counsel
600 Fifth Street NW, 2nd Floor
Washington, DC 20001
Telephone: 202-962-1067
Facsimile: 202-962-2550
Email: nmjaney@wmata.com
Email: jlcole@wmata.com

Counsel *for Defendants*

**CERTIFICATE OF SERVICE**

    I certify that on this 11th day of September, 2020 copy of the foregoing Rule 72(a) Objection to Magistrate Judge's Order was served by the court's ECF system on:

Yaida Ford, Esquire
Ford Law Pros, PC
10 G Stret NE, Suite 600
Washington, DC 20002
yford@fordlawpros.com

                                                */ s/ Neal M. Janey, Jr.*
                                                   Neal M. Janey, Jr.