IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAPIWA MUSONZA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:19-cv-02779 (TSC) |
| ) | |
| OFFICER COSTANZO, et al. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' Rule 72(a)
<u>OBJECTION TO MAGISTRATE JUDGE'S ORDER</u>**

COMES NOW Plaintiff, through counsel, in response and opposition to the Defendants objection to the Magistrate Judges Ruling and states as follows:

Defendants' objection fails to identify any portion of the magistrate judge's determinations that are either clearly erroneous or contrary to law. Instead, Defendants identify portions of the MJ Robinson's ruling that they do not like and provide no justification for why they should be disturbed. To be sure, Defendants' objection makes two fatal mistakes.

First, it incorrectly states that the Magistrate Judge violated the April 9, 2020 Minute Order of this Court. Second, Defendant's arguments are simply contrary to the record and the weight of the law on the discoverability of the police records Plaintiff is seeking.

I. <u>LEGAL STANDARD</u>

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. *See* Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A).

"The 'clearly erroneous' standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters" (*F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000)) "and the 'contrary to law' standard permits independent review of purely legal determinations by a magistrate judge." *See, e.g.*, *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992).

Upon review "a Court's "findings of fact is critically limited," and "the Magistrate Judge's decision is entitled to great deference." *In re Leret*, 51 F. Supp. 3d 66, 69 (D.D.C. 2014) (internal quotations citations omitted). Accordingly, "[a] Court may reverse the Magistrate Judge's finding only if on the entire evidence the Court is left with the definite and firm conviction that a mistake has been committed. *Id.* Notably, a defendant's objection to a Magistrate Judge's ruling is "not simply an opportunity to reargue facts and theories upon which the court has already ruled." *HT S.R.L. v. Velasco*, 2015 U.S. Dist. LEXIS 194164 [*4].

## II. ARGUMENT

### A. **Magistrate Robinson's Order did not Conflict with any Previous Order of this Court and the Relevance of Interrogatory No. 22 was Vigorously Argued Orally and on Brief**.

The Defendants contend that because the Magistrate Judge's order "conflicts with an earlier ruling made by this court on April 9, 2020, and, it requires Defendants to produce information which have no relevance to the claims asserted in this case, the ruling was clearly erroneous. This argument fails.

First, MJ Robinson's ruling does **not** conflict with the order issued by this Court on April 9, 2020. The plain language of this court's Order that pertains to racial and personal data of Defendants arrestees is as follows: "…to the extent Plaintiff continues to seek racial and other personal data regarding Defendants' arrestees, the discovery requests are quashed *absent argument*

2

*from the Plaintiff regarding the relevance of such information.*" **Ex. 1, Order, 4/9/2020** (emphasis added). To state that the Magistrate Judge's ruling is somehow contrary to this, especially when she expressly relied on arguments from the parties on the relevance of the discovery Plaintiff sought, is a gross misstatement of the record.

To be sure, it was Defendants' counsel, Ms. Cole, who, during the hearing, asked the Court for permission to file supplemental briefing over the relevance of the records Plaintiff is seeking. Magistrate Judge Robinson permitted the parties to submit additional briefing, *in response to Defendants' request*, on the issue of relevance pertaining to Plaintiff's Interrogatory No. 22. After considering the two memos submitted at Docket Nos. 18 and 19, MJ Robinson ordered Defendants to respond. *See* ECF No. 20. ***There is no evidence that MJ Robinson relied on any filings other than those that the parties submitted after the July 8, 2020 hearing***.

Where the record establishes that no conflict between the decision of this Court and the Magistrate's ruling exists, the latter is entitled to "great deference" if it cannot be said "with a firm conviction" on the "entirety of the record" a "mistake has been made." *In re Leret*, 51 F. Supp. 3d 66, 69 (D.D.C. 2014). Accordingly, the Defendants Objections on this point should be overruled.

Second, Defendants argument that the order is clearly erroneous because it requires them to "produce information which have no relevance to the claims" is without merit because they have not demonstrated in what manner the Magistrate Judge's interpretation of the law with respect to Interrogatory No. 22 was clearly erroneous or contrary to law. To be sure, Plaintiff never conceded that the data he sought is not relevant to his 1983 claims. As to his assault and battery claims, he expressly stated that "prior acts are relevant to a case that includes allegations of common law claims of battery and assault as Plaintiff's case does." **Ex. 2, at 6.** It is wholly relevant to Mr. Musonza's claims that Defendants are detaining and arresting individuals on the basis of race and

3

then charging them with crimes to justify the arrest or use of force, but then upon consideration the prosecutor refuses to prosecute those claims. This goes right to the heart of the subjective intent of the Defendants which Mr. Musonza must show to succeed on a punitive damages claim. *See e.g. Jones v Derosa*, 238 F.R.D. 157, 159 (D.N.J. 2006)(court orders defendants to produce arrest histories of officer's to show whether the stop of Plaintiff, which led to his arrest, was racially motivated).

Although the Defendants continue to assert that Plaintiff has not shown how the "racially motivated misconduct" on the part of the defendants is relevant to Plaintiff's claims, they have neither presented any case law showing that Magistrate Judge Robinson's ruling should be disturbed nor have they shown that she misinterpreted the holding or outcome of any case that was in Plaintiff's favor. In the absence of definitive authority to the contrary, the Magistrate Judge's ruling on this issue is also entitled to "great deference" and should only be reversed "if on the entire evidence the Court is left with the definite and firm conviction that a mistake has been committed." *See supra*, *In re Leret.* Defendants have not met this burden. Instead, they re-argue the same case law that they argued in their initial submission—none of which have anything to do with 1983 litigation, much less discovery. *See Velasco*, 2015 U.S. Dist. LEXIS 194164 at *4 (a Rule 72(a) motion is "not simply an opportunity to reargue facts and theories upon which the court has already ruled.").

Pointing to the parties submissions, Defendants continued reliance on *Graham* for the proposition that "[t]he subjective intent of the law enforcement officer is irrelevant in determining whether the officer's actions violate the Fourth Amendment[1]" is misplaced because *Graham* did not consider *any* discovery issues as Plaintiff stated in his response to Defendants' post-hearing

---

[1] Def.'s Obj. at 4-5

4

submission.[2] Defendants reliance on *Scott v United States*, 436 U.S. 128 (1978) is equally unavailing.[3] *Scott* is a criminal case where the Supreme Court decided whether a Court of Appeals properly examined the challenged searches (i.e. wiretaps etc.) under a standard of objective reasonableness. *Scott* has nothing to do with a civil action against law enforcement officials or a discovery dispute as to whether plaintiff is entitled to defendants' records.

Defendants try to get around the outcomes in *Scaife* and *Martinez* but they cannot. Both of those cases noted that the past records and conduct of the individual officers were relevant to a punitive damages inquiry. *See Martinez v. Stockton*, 132 F.R.D. 677, 682-83 (stating that there are two "exceptions" to the *Graham vs. Connor* presumption that evidence of evil intent or sadistic motive has "no proper place in [the] inquiry" of the reasonableness of an officer's conduct—***one of them "concerns allegations of punitive damages."***)(emphasis added); *see also Scaife v. Boenne*, 191 F.R.D. 590, 595 (N.D. Ind. 2000)(noting that when a Plaintiff is seeking punitive damages, the *Graham* proposition does not apply).

Moreover, in *Scaife*, the court ordered the municipality to turn over the officers' records although it was a third party who was not named in the litigation. ("***While the city is not a defendant in this case, the plaintiff is seeking punitive damages***.")(emphasis added).
MJ Robinson's ruling is in line with the majority of federal courts that have considered the discoverability of officers' arrest histories, personnel files and disciplinary records post-*Graham*—and that is that when punitive damages are sought, that is an exception to the *Graham* presumption. *See* ECF. No. 19 at 7 (citing several decisions that recognize Plaintiffs' entitlement in discovery to police records, including disciplinary records, training and academy records and personnel files).

---

[2] See ECF No. 19 at 3 distinguishing the issues in Graham from those before the Court
[3] Def. Objection at 5.

5

Contrary to Defendant's re-argued points, whether a particular defendant's actions were objectively reasonable under the Fourth Amendment, is an issue for the jury to determine *after* examining all the evidence a plaintiff accrues during discovery. In cases similar to this one where courts have considered the discoverability of certain officer data, courts have recognized that the relevance of certain documents is "viewed in light of the allegations of the complaint, not as to evidentiary admissibility." *Derosa*, 2006 U.S. Dist. LEXIS 80071 at *163-164 (the court found that the information regarding the officers, including personnel and disciplinary files and arrest histories, was relevant and discoverable under Fed. R. Civ. P. 26(b)(1)); *see also Sheehan v. Kruger*, 2012 U.S. Dist. LEXIS 172231 at *9 (N.D. Ind. Dec. 5, 2012)(noting the Plaintiff is "entitled" to the personnel files of the individually named officers in light of his allegations).

**B. Magistrate Judge Robinson's Order did not Exceed the Scope of the Dispute**.

The Defendants contend that the Magistrate Judge's order exceeds the scope of the discovery dispute because "[T]here was no dispute submitted to the court concerning Defendants' personnel file." This argument is completely contradicted by the record. MJ Robinson heard arguments on how Defendants agreed to produce the last five years of disciplinary records, which yielded nothing. Plaintiff then sought their complete disciplinary records, which are a part of their personnel profiles whether they are physically maintained with the officer's personnel file or in a separate internal affairs file, or otherwise. For the Defendants to now say personnel files, of which disciplinary matters are included, was not an issue in dispute is disingenuous.

**C. The Magistrate Judge's Order to Produce Training Files and Standards was not Clearly Erroneous and the Defendants Objection Should be Overruled**.

Training records are discoverable. *See Peck vs. Orange County*, 2020 U.S. Dist. LEXIS 138502, *4-*5 (Court ordered defendants to turn over officers' training and academy records). As Plaintiff indicated in the initial discovery dispute, the records Defendants produced for Ditrick

consist of 14 redacted pages of certificates referencing course numbers and titles *that do not describe the contents of the training or curriculum.* The production for Costanzo is no better. Defendants produced 43 pages of redacted records from Costanzo that *did not include any curriculum, course materials or examinations from a criminal law class that he took or any curriculum and related materials* to the full range of courses he took in the police academy so Plaintiff has no way of knowing what classes he took related to use of force, tasers and proper arrest and handcuffing methods.

By the Defendants own admissions they have not produced any of the discovery documents in dispute **that are in the possession of WMATA** on the grounds that such information is proprietary but they have not submitted any legal authority in support of that position. *See* Def's Obj.'s at page 7. Indeed, courts have ordered third parties to produce officers' records although they are not named in the lawsuit. *See Scaife v. Boenne*, 191 F.R.D. 590, 595 (N.D. Ind. 2000)(ordering the municipality to turn over records of individually named officers although it was not a party).

Finally, Defendants maintain that they have various privileges but, when the proper balancing test is applied, none of those privileges overcome Plaintiff's right to obtain the information pursuant to a proper discovery request. That test "balances competing societal interests: the interests of law enforcement, the privacy interests of police officers or citizens who provide information to or file complaints against police officers, the interests of civil rights plaintiffs, the policies that inform the national civil rights laws, and the needs of the judicial process." *Parrish v. Solis*, 2014 WL 2466101, at *4 (N.D. Cal. May 31, 2014). *See Peck*, 2020 U.S. Dist. LEXIS 138502, *4-*5 (Court ordered municipality to turn over officers' personnel files, including evaluations and disciplinary records, training and academy records noting that "qualified privilege and privacy rights are outweighed by the legitimate discovery interests of Plaintiffs, the policy of

our national civil rights laws, and the need for an efficient, fair and transparent judicial process."); *Scouler v Craig*, 116 F.R.D. 494, 497 (D.N.J. 1987)(court ruling that police officer's personnel file must be turned over because there were overwhelming factors in favor of disclosure, including plaintiff being the subject of criminal charges, plaintiff bringing his lawsuit in good faith, police investigation had concluded and others).

Defendants claim to privilege is a smokescreen because the parties have a protective order. Moreover, in this Court, the failure to produce a privilege log can result in waiver of the privileges asserted. *Bregman v. District of Columbia*, 182 F.R. D.352, 363 (D.D.C. 1998) (noting that a party's "failure to comply with Fed.R.Civ.P. 26(b)(5), requiring him to file a privilege log, bars in itself any claim [*9] of privilege, whatever its basis."). Defendants have not produced any long pertaining to the privilege that they assert and therefore, any privilege should be deemed waived.

Plaintiff is interested in *relevant training records (examinations, test scores, etc.) and curriculum (syllabi and written course materials)* that relate to tasers, handcuffing, arrests, use of force, and obviously criminal law and procedure as they charged Plaintiff with three false charges. Defendants have produced general orders *but they have not produced any course curriculum or any documentation of which courses the Defendants took*. It strains credulity that Defendants only took 2-3 exams in their "1000 hours" of training but that is all they produced. Based on the record before us, Defendants have not sufficiently demonstrated in what manner the MJ's factual findings were clearly erroneous or contrary to law and as such the Defendants Objections should be OVERRULED.

Respectfully Submitted

/s/Yaida Ford

Yaida O. Ford, Esq.  #497013
Ford Law Pros P.C.
10 G Street, NE, Suite 600
Washington, DC 20002
Tel: 202-792-4946
Email: yford@fordlawpros.com
*Counsel for Tapiwa Musonza*