# Exhibit A

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAPIWA MUSONZA ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | Case No. 1:19-cv-02779 |
| ) | |
| OFFICER JONATHAN E. COSTANZO ) | |
| OFFICER J. DITRICK (Badge #732) ) | |
|     Defendants ) | |
| _____ ) | |

**PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION TO DEFENDANT JONATHAN E. COSTANZO**

Plaintiff Tapiwa Musonza, ("Plaintiff") hereby propounds this First Set of Requests for Production of Documents and Electronically Stored Information ("Requests") to Defendant Officer Jonathan E. Costanzo to be produced to the undersigned within thirty (30) days after service hereof.

INSTRUCTIONS

1. These Requests pertain to all documents and things within the possession, control, or custody of Defendant, including all of Defendant's agents, consultants, accountants, associates, investigators, attorneys, representatives, or any other person or entity acting on Defendant's behalf, to be produced as they are kept in the usual course of business pursuant to Rule 34 of the local rules.

2. No information may be withheld on the asserted grounds that such information therein is not reasonably calculated to lead to the discovery of admissible evidence unless the burden of responding is fully described. However, where responsive information is withheld on the basis of a claim of privilege or other legal doctrine,

# FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

**REQUEST NO. 1:** Any and all written memoranda, reports, correspondence, documents, or other writings pertaining to all incidents described in Plaintiff's Complaint regarding events that took place on June 22, 2019, including but not limited to the following items:

(a)  a list of all physical evidence seized, viewed, or photographed;

(b)  the results of police examinations, analyses, or tests on all physical evidence;

(c)  any and all photographs, diagrams, and memoranda relating to the physical scene;

(d)  any and all general investigative reports, including internal investigations of civilian complaints arising out of the incident;

(e)  any and all reports or records of radio calls regarding the incident, either prior to, during, or subsequent to the incident;

(f)  any and all mug shots or other photographs of Tapiwa Musonza;

(g)  any and all mug shots or other photographs of any other persons arrested on the date of the incident that is the subject matter of the complaint;

(h)  any and all medical records or other records regarding the treatment of Tapiwa Musonza;

(i)  any and all medical records or other records regarding the treatment of any injuries sustained by defendants, if any;

(j)  any and all written or otherwise recorded statements of civilian witnesses to the incident;

(k)  any and all written or otherwise recorded statements of the Plaintiff, including the notes taken by any transit police officer;

(l)  any and all written or otherwise recorded statements of any police officers or other persons who were witnesses to the incident or had any contact with the case.

(m)  Any and all video surveillance evidence reviewed by any officers or agents of the Metro Transit Police Department or captured on June 22, 2019 that depicted the events leading up to the arrest of Plaintiff;

(n)  Any and all statements, written and recorded, of any individuals who were present on at U Street-Cardozo Metro station on June 22, 2019 who may have witnessed the incident or those who may have been arrested or detained

# Exhibit B

# FORD LAW PROS, P.C.
10 G STREET, NE
SUITE 600
WASHINGTON, DC 20002

_____Exhibit B_____

*Attorneys at Law*

June 29, 2020

<u>Via Electronic Mail Only</u>
Janice Cole
Jcole@wmata.com

      **RE:**    **Musonza vs. Costanzo: Deficiency Notice and request
                to meet and confer to resolve discovery dispute.**

Ms. Cole:

This is formal notice of the dispute that I informed you about on Thursday, June 25, 2020 by phone. As I indicated, Defendants failed to produce complete camera footage from the incident on June 22, 2019. I sent a spoliation request to WMATA on August 27, 2020. I received a phone call from Mike Collins on September 3, 2020 who asked me for the time of the incident so that WMATA could produce the relevant footage. In response to my request, Defendants' produced more than 18 hours of footage. However, there are missing frames of USTR 6-22-19 1740-1840 HRS DL__C-E03-PW-037_Saturday June 22 2019231820 [4228132](#) [at 11:48](#). Specifically, Defendants cut the most critical five seconds of this footage such that Plaintiff cannot substantiate Defendants claims that they communicated with one another in front of Plaintiff before Costanzo approached him and that Costanzo engaged in dialogue with Plaintiff before he shoved him and tased him.

Plaintiff also requests video from camera C-E03-PW-038 and C-E03-PE-034. Defendants assert Defendant Costanzo's actions were reasonable because Mr. Musonza refused several of his commands along with the commands of Officers Ottmer and Ditrick. *See* Def. Bates 178, 180, 183, 184. However, the video files provided thus far do not capture Officer Costanzo in any meaningful way until he is in a physical altercation with Mr. Musonza. The file provided has crucial missing seconds which would be dispositive of Mr. Musonza's reaction to the presence of Officer Costanzo and whether it comports with Defendants assertion. The missing camera angles would be dispositive of whether Officer Costanzo had any dialogue with Mr. Musonza and gave verbal commands to him before placing his hands on him and whether there was any type of visible communication between the Officers Ottmer, Ditrick and Costanzo prior to that moment.

Plaintiff believes Defendant has destroyed this evidence and because it is dispositive of the case, Plaintiff will accordingly ask the Court for sanctions consistent with *Webb vs. District of Columbia*, 189 F.R.D. 180 (DCD 1999).  **Please produce complete footage from the incident no later than July 10, 2020.**

In addition, Defendant limited its responses to Interrogatories 5 and 6 to "the last five years" although the scope of it he was not limited in time. Please amend these responses to provide all of the relevant information in response to those interrogatories as they are relevant to the Mr. Musonza's claims. *See Scaife v. Boenne*, 2000 U.S. Dist. LEXIS 7973 at \*\*14 (compelling Defendant to produce information regarding past misconduct of the officer as it was relevant to the Plaintiff's claim to punitive damages).  **I will give Defendants until July 7, 2020 to supplement their responses. Please let me know if you think you may need more time.**

As for Interrogatories 20 and 22, Defendant misstates Judge Chutkan's minute order of April 9, 2020.  Specifically, the judge stated "[T]o the extent Plaintiff continues to seek racial and other personal data regarding Defendants' arrestees, the discovery requests are quashed *absent argument from the Plaintiff regarding the relevance of such information...*" No request was "stricken" as per Defendants' representations in response to these interrogatories.

Plaintiff previously withdrew Interrogatory No. 20 but will re-issue it to Defendants. Plaintiff continues to seek the information requested in Interrogatory 22 and will submit supplemental case law with the Court supporting its position.

Plaintiff would like to expand the number of interrogatories by 10.  Now that Plaintiff has analyzed some of the information produced by Defendants, it is clear that the parties may need more room to propound effective discovery without driving up the expense of the case more than necessary.  **Please advise if you agree to this by 2pm on June 30, 2020 so that I can raise the issue with the Court in the event that you do not agree.**

Lastly, I would like to revisit our need to file additional expert reports with the hopes of early resolution.  Plaintiff intends to file two additional expert reports—one for a video forensic expert related to the tampered video footage and one for use of force.  As it relates to the latter, Plaintiff remains unable to lock down a use of force expert without all of the necessary discovery requested, which we will hopefully resolve on July 1, 2020. After that, I would like to meet and confer to establish deadlines for my additional filings and your rebuttal filings.  **Please let me know if you are available on July 2, 6, or 7 to meet and confer over these specific issues as outlined in this letter.**

Sincerely,

/s/ *Yaida O. Ford*
Yaida O. Ford, Esq.
*Counsel for Tapiwa Musonza*

# Exhibit C

# FORD LAW PROS P.C.
10 G STREET, NE, STE. 600
WASHINGTON, D.C. 20002

*Attorneys at Law*

July 27, 2020

<u>*Via First-Class Mail and Email*</u>
Janice L. Cole
WMATA Office of General Counsel
600 Fifth Street, N.W.
Washington, D.C., 20001
(202) 962-2543 (o)
nmjaney@wmata.com
jlcole@wmata.com

**Re: Musonza v. Officer Jonathan E. Costanzo and Officer J. Ditrick; United States District Court for the District of Columbia, Case No. 1:19-cv-02779; Notice of Request for Site Inspection**

Dear Attorney Cole:

Thank you for the opportunity to meet and confer on July 10, 2020. We discussed missing camera footage/angles that Defendants failed to provide, audio files that did not work. To date, we still have not received all of the additional camera angles that we requested and Defendants maintain that certain footage does not exist. To verify Defendants claims, I have retained a forensic expert and I am writing to request a site inspection of the U Street African-American Civil Memorial/Cardozo Subway Station's surveillance station and any camera hubs that house the surveillance system for that station.

The inspection will be conducted in order to identify the number of cameras currently in the station through physical inspection of the station and to access the DVR recording system corresponding to the physical cameras. Only after cross-referencing the physical cameras and the DVR recording system will I be able to determine which cameras were the source of the recordings you have sent to us, and which cameras/angles from which there is footage that Defendants did not produce.

Furthermore, the site inspection also seeks to find answers to the recording booth's ability to manually control the pan, tilt, and zoom of each camera. Notwithstanding, this investigation yields a complete picture of the footage you sent, and is required for us to properly prepare Plaintiff's case.

I, and/or my firm's designated representatives, experts, staff from my firm will be available to inspect the site on the following days and times:

Friday, July 31, 2020
Friday, August 7, 2020

Monday, August 10, 2020
Thursday, August 13, 2020
Friday, August 14, 2020


If I do not hear from you regarding this request on or before July 30, 2020, I will file a motion with the Court to compel this request.

Should you have any inquiries into this request, I can be reached via email or via phone in the contact information provided on this letter.


Sincerely,

/s/ *Yaida O. Ford*___
Yaida O. Ford, Esquire
Ford Law Pros, P.C.
10 G Street NE, Suite 600
Washington, DC 20002
yford@fordlawpros.com
*Counsel for Tapiwa Musonza*
