## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **TAPIWA MUSONZA,** | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-cv-2779 (TSC) |
| | ) | |
| **JONATHAN E. COSTANZO,** *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### <u>MEMORANDUM OPINION</u>

This case involves Plaintiff Tapiwa Musonza's lawsuit against Metro Transit Police Department ("MTPD") officers for alleged violations of his federally protected civil rights, and common law claims for assault and battery, unlawful arrest, and malicious prosecution. ECF No. 1, Compl. ¶¶ 48–53. The court referred this case to a magistrate judge to resolve a discovery dispute over seven interrogatories and stayed the case in the interim. *See* Min. Order (Apr. 9, 2020); Min. Order (May 24, 2020). On August 31, 2020, Magistrate Judge Robinson ordered Defendants to produce certain records in discovery. *See* Min. Order (Aug. 31, 2020). Defendants object to three aspects of Magistrate Judge Robinson's Order. ECF No. 21, Defs. Objection. For the reasons set forth below, the court will GRANT IN PART and DENY IN PART Defendants' objections. The court will also LIFT THE STAY and orders that by October 1, 2022, the parties shall meet and confer and submit a Joint Proposed Amended Scheduling Order setting forth discovery deadlines and due dates for any dispositive motions.

# I. BACKGROUND

On June 22, 2019, Defendants arrested Plaintiff following an alleged altercation at the U Street Cardozo Metro Station.  *See* ECF No. 9, Meet and Confer Statement at 1–2.  Plaintiff alleges that during his arrest, Defendants unlawfully detained and arrested him, used excessive force, and that the government then maliciously prosecuted him.  *See* Compl. ¶¶ 1, 20–24, 40, 47, 53.  According to Plaintiff, the government criminally charged him and held him in jail for two days before dismissing the charges.  *See id.* ¶¶ 35, 39.

On September 17, 2019, Defendant sued three[1] MTPD officers under 42 U.S.C. § 1983, alleging that Defendants violated his federally protected civil rights.  *See id.* ¶ 2.  The case proceeded to discovery, but several discovery disputes soon arose.  *See* Min. Order (Apr. 9, 2020) (discussing various disputes).  Defendants also moved to stay discovery due to the COVID-19 outbreak and implementation of corresponding safety protocols that prevented in-person depositions and expert evaluations.  *See* ECF No. 13.  In light of the discovery disputes and Defendants' request for a stay, the court stayed all discovery deadlines pending further order of the court.  *See* Min. Order (Apr. 9, 2020).

On April 30, 2020, Defendants filed a Notice of Discovery Disputes in which it objected to seven of Plaintiff's interrogatories: Nos. 22, 6, 8, 10, 11, 15, and 17.  *See* ECF No. 14, Not. of Discovery Dispute at 1.

In Interrogatory No. 22, Plaintiff requested information "from 2017 to the present" regarding the number of individuals detained and arrested by Defendants with a breakdown by percentage of the race of all detainees and arrestees.  Not. of Discovery Dispute at 4.  Defendants

---

[1] Plaintiff subsequently dismissed Officer Ottmer from the suit, s*ee* ECF No. 8, Pls. Not. of Voluntary Dismissal, leaving just two MTPD officers as Defendants.

objected to this request as "overbroad, unduly burdensome, and not relevant to Plaintiff's cause

of action." *Id.* Defendants, citing to Federal Rule of Civil Procedure 26(b)(1), also contended

that Interrogatory No. 22 is "not proportional to the discovery needs of the case."[2] *Id.* at 4–5.

In Interrogatory No. 6, Plaintiff requested information regarding "all disciplinary

measures in effect on June 22, 2019," the date of Plaintiff's arrest, for any MTPD officer "found

to have used excessive force in violation of departmental regulations," and whether any changes

had been made to the policy. *Id.* at 7. Defendants objected to this request as "irrelevant,

overbroad, unduly burdensome, and not proportional to the discovery needs of the case." *Id.*

In Interrogatory No. 8, Plaintiff requested all documents issued by the Washington

Metropolitan Area Transit Authority ("WMATA") "or any of its agencies . . . governing the use

of force by an officer in making an arrest and/or concerning the standards in effect" on the date

of Plaintiff's arrest that "were to be used in determining when the use of force on the part of a

police officer is legal and justified . . . ." *Id.* at 10. The request applied to training materials,

materials provided to active-duty officers, and any changes to the policy itself. *Id.* at 11.

In Interrogatory No. 10, Plaintiff requested documentation proving that the officers

involved "received and completed proper training" before the incident and documentation of

"any subsequent training" the officers received. *Id.* at 12.

In Interrogatory No. 11, Plaintiff requested "a copy of all curriculum standards utilized by

[MTPD]." *Id.* at 12. Defendants objected to Interrogatory Nos. 8, 10, and 11 as "ambiguous,

overbroad, unduly burdensome, irrelevant, and not proportional to the discovery needs of this

case." *Id.* at 11–12.

---

[2] Rule 26(b)(1) states, in relevant part, "[p]arties may obtain discovery . . . relevant to any
party's claim or defense and proportional to the needs of the case . . . ."

In Interrogatory No. 15, Plaintiff requested "all documents and electronically stored data" maintained by any MTPD division concerning "all complaints made against any [MTPD] officer for the past 10 years" involving excessive use of force. *Id.* at 13–14. Defendants objected, claiming that they "do not have possession, custody or control of any documents pertaining to MTPD's internal investigations of other officers." *Id.* at 14. Defendants further contended that Interrogatory No. 15 harasses and violates the privacy of non-defendant officers and that the information sought is irrelevant and not proportional to the discovery needs of this case. *Id.*

And in Interrogatory No. 17, Plaintiff requested "[a]ll use of force reports created, even if not submitted by Officer Costanzo to MTPD." *Id.* at 14. Defendants objected that this request is "overbroad, unduly burdensome, irrelevant, and not proportional to the discovery needs of this case." *Id.*

The court referred the parties' dispute to Magistrate Judge Robinson and continued the stay on all discovery deadlines pending further order of the court. *See* Min. Order (May 24, 2020).

After hearing oral argument and reviewing the parties' supplemental briefs, Magistrate Judge Robinson issued the following Minute Order compelling Defendants to produce certain discovery:

> On July 8, 2020, this court heard the arguments of counsel with respect to Plaintiff's request to compel Defendants (1) to respond to Plaintiff's Interrogatory No. 22 and (2) to produce complete disciplinary histories related to excessive force, false arrest, and malicious prosecution; complete personnel and training files that are in the possession of WMATA and the training standards used in District of Columbia training related to use of force, tasers, arrests/handcuffing. Thereafter, the parties filed [18,19] supplemental memoranda with respect to the aforementioned discovery requests. The undersigned now has given further consideration to the oral arguments of counsel, and reviewed the parties' supplemental memoranda. Upon consideration of Plaintiff's request to compel Defendant to provide the aforementioned discovery, it is hereby ORDERED, for the reasons offered by Plaintiff, that said request is

GRANTED, and that Defendant shall provide the aforementioned discovery by no later than September 30, 2020.

Min. Order (Aug. 31, 2020).

Defendants subsequently filed a "Response to Order of the Court," in which they raise three objections to Magistrate Judge Robinson's Order pursuant to Fed. R. Civ. P. 72(a). *See* Defs. Objection at 1–6.

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 72(a), a district judge must "consider timely objections" to a magistrate judge's order, and must "set aside any part of the order that is clearly erroneous or is contrary to law." *See* Local Civil Rule 72.2(c); 28 U.S.C. § 636(b)(1)(A); *Baylor v. Mitchell Rubenstein & Associates, P.C.*, 857 F.3d 939, 945–46 (D.C. Cir. 2017). When a district court considers an objection to a magistrate judge's decision under the clearly erroneous standard "on a non-dispositive matter like a discovery ruling," the decision "is entitled to great deference" and a court's review of the "findings of fact is critically limited." *Haughton v. Dist. of Columbia*, 161 F. Supp. 3d 100, 102 (D.D.C. 2014) (citation omitted); *In re Leret*, 51 F. Supp. 3d 66, 69 (D.D.C. 2014) (citing *S. Pac. Commc'ns Co. v. Am. Tel. & Tel. Co.*, 740 F.2d 980, 998 (D.C. Cir. 1984)); *see also Graham v. Mukasey*, 608 F. Supp. 2d 50, 52 (D.D.C. 2009) (citations omitted). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotations marks omitted); *see also Buie v. Dist. of Columbia*, No. CV 16-1920-CKK, 2019 WL 4345712, at *3 (D.D.C. Sept. 12, 2019) (citations omitted).

The contrary to law standard "permits *de novo* review of a magistrate judge's legal conclusions." *See Am. Ctr. for Civ. Just. v. Ambush*, 794 F. Supp. 2d 123, 129 (D.D.C. 2011) (citing *First Am. Corp. v. Al-Nahyan*, 2 F. Supp. 2d 58, 60 (D.D.C. 1998)) (citation omitted).

## III.  ANALYSIS

### A.  <u>Interrogatory No. 22</u>

Defendants' first objection pertains to Interrogatory No. 22.  Defendants argue that Magistrate Judge Robinson's Minute Order that they produce documents responsive to Interrogatory No. 22 both (1) "conflicts with an earlier ruling" of this court—referring to this court's April 9, 2020, Minute Order—and (2) is otherwise "clearly erroneous."  Defs. Objection at 2, 6.

First, Defendants are incorrect that the court's April 9, 2020, Minute Order and Magistrate Judge Robinson's August 31, 2020, Minute Order are in conflict.  On April 9, 2020, the court issued a Minute Order stating that "to the extent Plaintiff continues to seek racial and other personal data regarding Defendants' arrestees, the discovery requests are quashed *absent argument from the Plaintiff regarding the relevance of such information*."  Min. Order (Apr. 9, 2020) (emphasis added).  In other words, the court did not hold that the requested information was not relevant, only that it would not require Defendants to produce that information absent argument explaining its relevance.  Plaintiff subsequently presented arguments to Magistrate Judge Robinson regarding the relevance of the information, *see* Not. of Discovery Dispute at 4–6; ECF No. 17, Pls. Supp. Memo. at l–3, which she considered in ordering Defendants to produce the requested information.  *See* Min. Order (Aug. 31, 2020).  Magistrate Judge Robinson's Order holding therefore does not contradict the court's April 9, 2020, Minute Order.

Second, Magistrate Judge Robinson's Minute Order was neither clearly erroneous nor contrary to law.  Under Rule 26(b), the scope of discovery is broad, allowing for discovery regarding any matter, not privileged, relevant to a claim or defense.  Fed. R. Civ. P. 26(b)(1). "The term relevance at the discovery stage is a broadly construed term and is given very liberal treatment." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd.*, 242 F.R.D. 1, 6 (D.D.C. 2007) (citing Fed. R. Civ. P. 26(b)(1)).  A party is entitled to discovery on matters "reasonably calculated to lead to the discovery of admissible evidence," even if the information sought ultimately would not be admissible at trial.  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350–52 (1978).

Defendants are correct that in *Graham v. Connor*, 490 U.S. 386, 109 (1989), the Supreme Court determined that the only proper frame of reference for the adjudication of excessive force arrest cases was the Fourth Amendment's "reasonableness" standard, *i.e.*, what would the reasonable officer have done under the circumstances.  Plaintiff, however, contends that data relating to the race and outcome of Defendants' arrest and detention records is relevant to its request for punitive damages.  The court agrees with Plaintiff.

To obtain punitive damages, Plaintiff must "prove by a preponderance of the evidence, that [Defendants] committed a tortious act, and by clear and convincing evidence that the act was accompanied by conduct and a state of mind evincing malice or its equivalent." *Butera v. District of Columbia*, 235 F.3d 637, 657 (D.C. Cir. 2001) (citations and internal quotation marks omitted); *see also Smith v. Wade*, 461 U.S. 30, 56 (1983) (holding that a jury may "assess punitive damages in an action under [42 U.S.C.] § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.").  Courts in other districts have held that a law

7

enforcement officer's past records are relevant to proving a claim for punitive damages. *See, e.g.*, *Graham v. Bennett*, No. 04-2136, 2007 WL 824415, at *1 (C.D. Ill. Mar. 14, 2007) (allowing discovery into past complaints against officer defendant as relevant to punitive damages claim); *Scaife v. Boenne*, 191 F.R.D. at 595 (holding past complaint records of named officer defendants relevant to punitive damages claim); *see also Jones v. DeRosa*, 238 F.R.D. 157, 163 (D.N.J. 2006) (ordering defendant officers to produce racial data from their past arrests as relevant to plaintiff's claim of an unlawful stop).

Defendants do not cite any authority—neither in this district nor any other—that supports a different outcome. Consequently, the court holds that Magistrate Judge Robinson's Minute Order was neither clearly erroneous nor contrary to law, and the court will deny Defendants' first objection.

## B.   <u>Personnel Files and Disciplinary Records</u>

Defendants also object to the portion of Magistrate Judge Robinson's Order requiring them to produce "complete personnel" files that are in the possession of WMATA. Defs. Objection at 6. Specifically, Defendants argue that neither party presented arguments regarding Defendants' "complete personnel" files, and thus Magistrate Judge Robinson's Order requiring production of those files "exceeded the scope of the dispute and/or controversy before the court." *Id.* The court agrees.

As previously discussed, Defendants' original Notice of Discovery Dispute objected to seven of Plaintiff's interrogatories: Nos. 22, 6, 8, 10, 11, 15, and 17. Interrogatory 10 requests "a copy of all documents showing" that Defendants "completed proper training prior to the incident," as well as records relating to any "subsequent training." Not. of Dispute at 12. Interrogatory 15 requests "all documents and electronically stored data" maintained by WMATA

"concerning all complaints made against any [MTP] officer for the past 10 years for excessive use of force." *Id.* at 13–14.  None of these interrogatories—or any of the other disputed interrogatories—seek Defendants "complete personnel" files.

Because Plaintiff did not request Defendants "complete personnel" files, and because Defendants object to its production, the court holds that it was clearly erroneous to compel the production of Defendants' "complete personnel" files that are in the possession of WMATA.

**C.**   **Training Files and Standards**

Finally, Defendants argue that Magistrate Judge Robinson's Minute Order is clearly erroneous because Defendants have already complied with the portion of the Minute Order requiring them to produce "the training standards used in District of Columbia training related to use of force, tasers, arrests/handcuffing." *See* Defs. Objection at 6–7 (citing Min. Order (Aug. 31, 2020)).  Specifically, Defendants contend that they have produced MTPD's General Orders containing policies and standards related to use of force, arrests, use of electronic weapons, prisoner transportation, juvenile operations, and contacts, stops and frisks, as well as Defendants' own training records maintained by the MTPD.  *Id.* at 7.  Defendants concede they do not intend to produce the requested information maintained by WMATA because those records are "proprietary information."  *Id.*

Plaintiff responds that the records Defendants produced do not comply with the Magistrate Judge's order because they lack specificity as to the contents and curriculum of the training classes Defendants have completed.  And, as to the WMATA records Defendants have not produced, Plaintiffs argue that Defendants cite no legal authority to support their position that those records are undiscoverable "proprietary information."

Defendants' third objection and Plaintiff's response concern the adequacy of Defendants' compliance with Magistrate Robinson's Minute Order, and not the Minute Order itself. Defendants' third objection thus falls outside the scope of Rule 72(a) and the court will deny it. *See* Rule 72(a) (instructing district court to "modify or set aside any part of *the order* that is clearly erroneous or is contrary to law") (emphasis added); *Dist. Hosp. Partners, L.P. v. Sebelius*, No. CV 11-0116 (ESH), 2013 WL 12313880, at *6 (D.D.C. Sept. 10, 2013) (noting that plaintiff's request for defendant to comply with the Magistrate's discovery order "is not reviewed under the auspices of Rule 72(a)."). To the extent Plaintiff disputes the adequacy of Defendants' productions, he must file a notice of those objections pursuant to the court's Scheduling Order, ECF No. 10.

## IV.  CONCLUSION

For the reasons set forth above, the court will GRANT IN PART and DENY IN PART Defendants' objections. The court will also LIFT THE STAY and order that by October 1, 2022, the parties shall meet and confer and submit a Joint Proposed Amended Scheduling Order setting forth discovery deadlines and due dates for any dispositive motions.


Date:  August 24, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge