IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TAPIWA MUSONZA,      :
              :
  **Plaintiff,**      :
              :
  v.          :
              :   **CASE NO.:  1:19-cv-02779 JMC**
**OFFICER CONSTANZO,** *et al.*,   :
              :
  **Defendants.**     :

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECUSAL PURSUANT TO 28 U.S.C. §455

**COMES NOW** Defendants Costanzo and Ditrick ("Defendants"), pursuant to 28 U.S.C. §455(a), and hereby move this Honorable Court to recuse itself from the instant case, a matter where Plaintiff has filed a complaint against Defendant MTPD officers, alleging violations of his Fourth Amendment rights under 42 USC §1983, as well as three common law counts related to the Section §1983 claims: false arrest, assault and battery, and malicious prosecution.  All counts arise from his June 22, 2019, arrest at WMATA's U Street Metrorail station.

On January 13, 2023, Plaintiff filed a notice "of potential conflict of interests" with the court, asserting that because counsel for the Plaintiff and Judge Chutkan began serving on a judicial nominating committee together on January 5, 2023, that the Court "should notice and take all appropriate measures." *See* ECF # 35.  On January 17, 2023, the parties received notice that the instant case was randomly reassigned to Judge Cobb.  *See* ECF # 36.

By strange circumstance, counsel for Defendants now find themselves in the position of also moving for recusal, because Her Honor, Judge Cobb, participated as private trial counsel in a litigation matter similar to this case, where, as plaintiff's counsel, she was provided discovery

subject to a protective order entered by the court. The prior litigation named individual officers of

the Metro Transit Police Department ("MTPD") as defendants, but also involved discovery from

the Washington Metropolitan Area Transit Authority ("WMATA") and its police department,

MTPD.   As private counsel, Her Honor received discovery involving internal investigations,

practices, policies, training records; there was an extensive Rule 30(b)(6) deposition of WMATA

as well. All of this information is subject to the protective order issued by the court in *Ulysse v.*

*WMATA Officer Derrick Stokes, et al.,* Case No. 1:19-cv-01465.  Defendants respectfully request

Judge Cobb's recusal because the Court's impartiality, considering her prior litigation against

Defendants' counsel's client, would be subject to question by an average citizen.

    **I.**       **ARGUMENT**

      A.  Standard for Recusal

Pursuant to 28 U.S.C. §455(a), "a judge shall disqualify himself[/herself] in any proceeding

in which his[/her] impartiality might reasonably be questioned." *Doe v. Cabrera,* 134 F. Supp. 3d

439, 444 (D.D.C. 2015).  "The party moving for disqualification of the judge must make a showing

of an appearance of bias or prejudice sufficient to permit the average citizen reasonably to question a

judge's impartiality is all that must be demonstrated to compel recusal." *Id.* (quoting *U.S. v. Bostick,*

791 F.3d 127, 155 (D.C. Cir. 2015)).  "[T]he appearance-of-partiality test is an objective one … and

[the] application of the test is wholly independent of whether the judge intends to act with bias or

prejudice." *Id.* (quoting *In re Barry,* 946 F.2d 913, 914 (D.C.Cir.1991); *see also Tripp v. Executive*

*Office of the President*, 104 F.Supp.2d 30, 34 (D.D.C.2000) ([R]ecusal is required where the court

determines that an informed observer would reasonably question the judge's impartiality.)).  Recusal

is also warranted when "he[/she] has a personal bias or prejudice concerning a party, *or personal*

*knowledge of disputed evidentiary facts concerning the proceeding.*" *See* 28 U.S.C. §455(b)(1) (emphasis added).

"To sustain its burden and compel recusal under Section 455(a), the moving party must demonstrate the court's reliance on an extrajudicial source that creates an appearance of partiality …." *Tripp,* 104 F. Supp.2d at 34 (quoting *Liteky v. U.S.,* 510 U.S. 540, 555 (1994).  Recusal under "Section 455 (b)(1) requires the moving party to demonstrate actual bias or prejudice based upon an extrajudicial source." *Id.*

    B.  Receipt of Confidential Records in Prior Litigation.

In *Ulysse,* Her Honor served as principal counsel in a lawsuit filed against two MTPD police officers. *See* ECF # 1 in *Ulysse,* Case No.: 1:19-cv-01465 CJN.  There, the parties filed a joint motion for entry of stipulated protective order. *See* ECF # 12 in *Ulysse,* Case No.: 1:19-cv-01465 CJN.  On September 12, 2019, the *Ulysse* court entered the protective order. *See* ECF # 12-1 in *Ulysse,* Case No.: 1:19-cv-01465 CJN.  Significantly, the protective order states:

> All Protected Material shall be used by the Receiving Party solely for purposes of prosecuting claims or defenses in this action, shall not be used by the Receiving Party for any business, commercial, competitive, personal or other purpose, including, but not limited to, use in any other litigation or disputes of any kind, and shall not be disclosed by the Receiving Party to anyone other than as provided in Paragraph 15 unless and until the restrictions herein are removed either by written agreement of counsel for the Producing Party or by Order of the Court.

*See* ECF # 12-1 in *Ulysse,* Case No.: 1:19-cv-01465 CJN at 5.  The protective order further states that:

> Protected Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to anyone other than the individuals designated in the foregoing Paragraph 15 until and unless (a) the Producing Party waives the claim of confidentiality, or (b) the Court orders such disclosure.

*Id.,* at 7.  In *Ulysse,* there was never any written agreement to allow the disclosure of confidential information in the case and no orders of court to do so as well.

In *Ulysse*, Her Honor received hundreds of pages of MTPD documents policies and training records subject to the protective order. Further, Her Honor, as private counsel, deposed WMATA in a Rule 30(b)(6) deposition regarding those documents in an extensive deposition over multiple subjects. The Rule 30(b)(6) deposition covered many internal WMATA issues, which were subject to the protective order. Her Honor, Judge Cobb, also engaged in several discovery disputes with undersigned Defendants' counsel, who are also employed by WMATA's Law Department, related the scope of discovery involving WMATA's MTPD records, practices and policies.

C. Reason for Recusal.

Similar to the *Ulysse* case, Plaintiff in this matter has also engaged in several discovery disputes involving WMATA. It is reasonably foreseeable that discovery disputes involving WMATA and MTPD will continue to arise in this case.

Her Honor is privy to confidential information involving WMATA/MTPD, obtained in another litigation matter involving MTPD officers and WMATA. Her Honor, Judge Cobb, cannot "unsee" or "unknow" the information obtained outside of the current litigation. The information from the prior litigation is not the same information produced in discovery in this current litigation. Although counsel for Defendants have no belief that Her Honor intends to act with any bias or partiality, the appearance-of-partiality is objectively at issue under these facts. Her Honor has obtained information though her prior litigation against other MTPD officers, and against WMATA in a 30(b)(6) deposition, from extrajudicial sources, and this information is subject to a protective order. These facts objectively create an appearance of the Court's partiality. Her Honor's receipt of confidential information pursuant to a protective order when she was private counsel against MTPD officers and against WMATA gives rise, objectively, to the appearance of partiality.

Indeed, Judge Chutkan's decision to recuse herself *sua sponte* from this case is instructive here. Plaintiff's filed a notice – not a motion -- of a "potential conflict of interest" involving Judge Chutkan (*See* ECF # 35), based upon his counsel serving on the judicial nomination commission with Judge Chutkan. *Id.* The only party who would presumably have moved for recusal based on that alleged "conflict" would be Defendants, because their counsel would not have had the same opportunity as Plaintiff's counsel to engage in the same collegial interactions with Judge Chutkan outside of the courtroom. Based upon Plaintiff's notice to the court, and without Defendants having voiced an objection to the two serving together on the commission -- the alleged "conflict of interest" -- Judge Chutkan nevertheless recused herself. The recusal was made presumably pursuant to 28 U.S.C. §455(a)'s "appearance of partiality," created by her participation on the judicial nomination commission with Plaintiff's counsel. Where a plaintiff's and judge's mutual service on a commission, with no nexus or relationship to the current litigation, creates a question regarding the Court's impartiality, that standard would be more than met under 28 U.S.C. §455(a) on the facts raised by Defendants here. Her Honor has prior knowledge of confidential information subject to a protective order, that may be relevant to legal issues in this matter but has not been disclosed in discovery conducted in this case.

## II.     CONCLUSION:

**WHEREFORE**, for the reasons set forth above, Defendant respectfully request

this Honorable Court recuse itself from the instant case pursuant to 28 U.S.C. §455(a).


DATE: January 30, 2023                    Respectfully submitted,

*/s/ Janice L. Cole*
Janice L. Cole, (#440351)
Senior Counsel II
T: (202) 962-2543
F: (202) 962-2550
Email: jlcole@wmata.com

*/s/ Neal M. Janey, Jr.*
Neal M. Janey, Jr. (#995449)
Senior Counsel II
T: (202) 627-4540
F: (202) 962-2550
Email: nmjaney@wmata.com

WMATA Legal Department
300 Seventh Street, S.W.
Washington, D.C.  20024

*Attorney for Defendants*

6