UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAPIWA MUSONZA,<br><br>    Plaintiff,<br><br> v.<br><br>JONATHAN E. COSTANZO, *et al.*,<br><br>    Defendants. | Civil Action No. 19-2779 (JMC) |

# ORDER

Defendants filed a motion, ECF 37, arguing that this Court is required to recuse itself from this case because the undersigned judge (1) participated as private trial counsel in earlier litigation involving similar claims against other WMATA employees, and (2) during that litigation, she was privy to confidential discovery involving WMATA's internal investigations, practices, policies, and training. In Defendants' view, the Court's involvement in that earlier litigation renders the Court's impartiality subject to question by a reasonable observer. *See* 28 U.S.C. § 455(a). Defendants further argue that the Court is required to recuse because the Court has "personal knowledge of disputed evidentiary facts concerning the proceeding." *Id.* § 455(b)(1). After carefully considering the motion, as well as the Parties' arguments at the hearing held via Zoom on January 31, 2023, the Court DENIES the motion.

As an initial matter, the Court has no outside knowledge about the Plaintiff, the Defendants, or the incident giving rise to this suit. Nor have Defendants shown that the Court has any extrajudicial knowledge of any evidentiary facts in this case. The Defendants do not contend that the defendants from the previous case are in any way connected to the current litigation, except for the fact that they were also employed by WMATA. Nor do Defendants argue that the

1

documents from the earlier case have any direct bearing on the current allegations. Indeed, when asked, Defendants conceded that the documents to which they are referring have not been produced, and thus are not at issue, in this litigation. Therefore, at least in the absence of a more specific proffer that the Court is in possession of specific extrajudicial knowledge pertaining to the allegations here, the Court concludes that § 455(b)(1) does not apply.

As for § 455(a), the Court disagrees that the mere fact that the undersigned judge once litigated a similar case against different defendants who happened to be employed by the same agency creates an appearance of bias. For one thing, a well-informed member of the public would understand that a lawyer's advocacy on behalf of a client does not necessarily reflect that lawyer's private beliefs. *See Philip Morris USA Inc. v. FDA*, 156 F. Supp. 3d 36, 50 (D.D.C. 2016). Second, the connection between the two cases is too attenuated to affect the Court's ability to fairly adjudicate the current case. No judge would be required to recuse for having reviewed, in their judicial capacity, internal documents from an agency that happened to be party to a subsequent case. The Court does not see how the fact that the Court may have reviewed the documents in question while in private practice is any different—particularly when the documents about which Defendants are concerned are not being produced in this litigation. Finally, the Court notes that the statute that contains § 455(a) includes a provision dealing specifically with a judge's activities in private practice, § 455(b)(2). That provision requires recusal only when a judge or an associate of the judge was directly involved in the matter in controversy, which is not the case here. Judges have been hesitant to interpret § 455(a) to require recusal in circumstances specifically excluded by other, more specific provisions in the statute. *See Liteky v. United States*, 510 U.S. 540, 552–53 (1994) ("Within the area of overlap, it is unreasonable to interpret § 455(a) . . . as implicitly eliminating a limitation explicitly set forth in § 455(b)."); *In re Third Party Subpoena to Fusion*

*GPS*, 292 F. Supp. 3d 307, 311 (D.D.C. 2018) (declining to interpret § 455(a) in a manner that is inconsistent with the requirements of § 455(b)(2)).

The Court is confident that a reasonable observer would agree that the Court can judge this case fairly, based on the information presented by the Parties. Therefore, the Court has an obligation to deny the Motion to Recuse. *See SEC v. Bilzerian*, 729 F. Supp. 2d 19, 22 (D.D.C. 2010) ("[A] judge has as much an obligation not to recuse himself where there is no reason to do so as he does to recuse himself when proper."). This order is without prejudice. If, in the course of the litigation, circumstances arise such that either Party believes recusal is appropriate, the Party may move for recusal at that time.

The Motion for Recusal, ECF 37, is DENIED.

**SO ORDERED.**

DATE: February 8, 2023

_____
Jia M. Cobb
U.S. District Court Judge