**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **TAPIWA MUSONZA** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:19-cv-02779** |
| | ) | |
| **OFFICER JONATHAN E. COSTANZO** | ) | |
| **OFFICER J. DITRICK** | ) | |
| **Defendants** | ) | |
| _____ | ) | |

**OFFICER COSTANZO'S ANSWERS TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES**

Defendant Officer Costanzo submits his Answers to Plaintiff's Interrogatories as follows:

**PRELIMINARY STATEMENT**

Officer Costanzo reserves the right to rely on any facts, documents, or other evidence which may subsequently develop or come to his attention. His Answers are set forth herein without prejudice to his right to assert additional objections or grounds for objections. WMATA reserves the right to supplement or amend these answers at any time prior to trial of this action.

Officer Costanzo objects to the extent that any request seeks information protected by attorney client privilege, the work product doctrine, the common interest privilege, the self-evaluative privilege or as protected critical infrastructure information ("PCII") and sensitive security information ("SSI"). Defendants will not disclose any privileged or protected information.

Officer Costanzo objects to these requests for documents to the extent that they seek information within Plaintiff's possession, custody or control; within the possession custody or control of third parties; available to the public, or to which Plaintiff has equal

CONFIDENTIAL

or superior access.

To the extent that Plaintiff's instructions seek to change, expand or enlarge Defendants obligations under the discovery rules, Defendant answers based on Rules 26 and 34 of the Federal Rules of Procedure. To the extent that Plaintiff does not define terms used in the request, Defendant will assume that Plaintiff intends to use the definitions as set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure and/or according to the generally accepted definitions of the words used.

Defendant reserves the right to supplement and amend these Responses as discovery is ongoing, in order to reflect information about which Defendants become aware, or to seek a protective order when necessary.

## **ANSWERS**

**INTERROGATORY NO. 1:** Please state your age, height, weight, rank and the number of years you have worked for MTPD.

**RESPONSE**: Officer Costanzo started working for the Metro Transit Police Department ("MTPD") on September 29, 2008. He is 35 years of age and holds the rank of officer. He weighs approximately 178 pounds and is 6 foot tall.

**INTERROGATORY NO. 2:** Please state the name and address for each of your employers for the past ten (10) years and for each also state:

    a. the inclusive dates of employment at such place of employment;
    b. the reason for leaving each such place of employment; and
    c. the nature of your work and duties.

**RESPONSE:** Officer Costanzo was hired by WMATA to train as an MTPD officer, in September 2008, more than ten years ago; he has been working without a break in employment at WMATA since that time.

**INTERROGATORY NO. 3:** Have you received any special training for the position of police officer for the MTPD? If so, please state:

a.  the nature and substance of the training you received;
b.  the inclusive dates of the period during which you received training;
c.  the name and address of each and any specialized school you attended to receive such training;
d.  the dates of attendance at each such specialized school;
e.  the name(s) of each of your instructors and the respective courses, sections, modules they taught you;
f.  the nature and substance of the training offered at each such specialized school;
g.  the degree or certificate, if any, that you received from each such specialized school and their expiration dates, if applicable.

**RESPONSE:**

All MTPD officers, including Officer Costanzo, are sworn police officers in the three jurisdictions of Virginia, Maryland and the District of Columbia.   Officer Costanzo received training to become a sworn police officer at the Northern Virginia Criminal Justice Training Academy in Ashburn, Virginia, where WMATA's Metro Transit Police Department is a participating member.   Officer Costanzo successfully completed the Virginia police academy; he also received his Maryland and D.C. compliance training by MTPD in order to become a sworn officer in all three jurisdictions.   Officer Costanzo's training period lasted about ten months.    He was sworn in as an MTPD officer on June 22, 2009.  His training records, which he incorporates herein, have been provided in his response to Plaintiff's request for documents. *See* ## 117-162.

**INTERROGATORY NO. 4:** Has your employer ever distributed to you, or required the reading of, any documents concerning the law of arrest and/or the constitutional rights of citizens? Include the period of your original training and subsequent materials during the term of your service as a police officer. If yes, state:

a.  the title, author, and publication date of each such document;

b. the date when such document was given to you to read;
c. whether or not you read each such documents;
d. what measure was used to determine whether you understood the subject matter (i.e. a written or oral examination) and your respective scores and/or results on each subject;
e. Whether MTPD required you to undergo refresher training on the subject matter and the dates that you took such trainings.

**RESPONSE**:    Objection; said interrogatory is vague, ambiguous and overbroad. Additionally, Officer Costanzo objects to this interrogatory on the grounds that it is not proportional to the needs of the case considering (1) the marginal importance of the discovery sought to the claims and defenses in this litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy. Specifically, there are a multitude of laws in MTPD's three jurisdictions that pertain to arrests, and Officer Costanzo is required to be familiar with all of them. The great majority of documents that Officer Costanzo has read during his training have some bearing on the "the law of arrest" or the "constitutional rights of citizens." The terms, "law of arrest" and "constitutional rights of citizens," are overly broad and ambiguous. Furthermore, there are many types of constitutional rights, the majority of which are inapplicable to the allegations of this matter and therefore, they lack any relevancy to the allegations of Plaintiff's Complaint.

However, subject to and without waiving said objections, MTPD officers are required to meet the training standards that the jurisdictions of Virginia, Maryland and the District of Columbia set for all police officers. MTPD officers must be aware of the various criminal statutes of the three jurisdictions, as well as the elements necessary for many types of crimes. The statutes are found in the codes of each jurisdiction. Officer Costanzo received training for approximately 10 months in order to meet the standards of Maryland,

Virginia and the District of Columbia.  Officer Costanzo passed all his exams.  Many subjects he was taught and for which he received training pertained directly or indirectly to arrest.  He was also taught about constitutional issues pertaining to the Fourth Amendment.  He does not remember any author, or any particular document.

**INTERROGATORY NO. 5:** Outside of the current proceeding, have you ever been, or are you currently, the subject of or the defendant in any inquiry, disciplinary action or other administrative action or lawsuit, either civil or criminal? If so, please set forth:

   a. the name, address, age and race of each complainant/plaintiff;
   b. the name, address, age and race of each defendant;
   c. the basis of the complaint;
   d. the date on which the action was instituted;
   e. the case number;
   f. the name and address of the attorney for each party;
   g. the date of trial or final disposition of the matter;
   h. the final disposition of the matter;
   i. the department, administrative body, or court where such action was or is now pending.

**RESPONSE:**  Objection.  Officer Costanzo states that such information is not relevant to the claims of this case.  However, notwithstanding the objection and -- pursuant to the Parties' agreement -- Officer Costanzo answers that regarding any issues pertaining to, or arising out of any arrest, seizure, or use of force in the last five years, Officer Costanzo has been the subject of one administrative investigation and one civil lawsuit,  both of which arise from the instant litigation.   Officer Costanzo has provided that all documents related to that administrative investigation in his responses to Plaintiff's request for production of documents. *See* OPRI report ## 179- 312 and attachments, as referenced in Amended Table of Contents.

**INTERROGATORY NO. 6:** Outside of the current proceeding, have you ever been the subject of a civilian complaint? If so please set forth:

a. the name, address, age and race of each complainant/plaintiff;
b. the name, address, age and race of each defendant;
c. the basis of the complaint;
d. the date on which the action was instituted;
e. the case number;
f. the name and address of the attorney for each party;
g. whether there was any investigation and the outcome of it;
h. the date of trial or final disposition of the matter;
i. the final disposition of the matter;
j. the department, administrative body, or court where such action was or is now pending.
k. whether you received any counseling or training after any complaint was filed.  If so, identify they type of counseling or training you received, the date you received it, who provided it and who ordered you to participate in it.

**RESPONSE:**  Objection.  Officer Costanzo states that such information is not relevant to the claims of this case.  However, notwithstanding the objection -- and pursuant to the Parties' agreement -- Officer Costanzo answers that regarding any issues pertaining to, or arising out of, any arrest, seizures, or use of force in the last five years, Officer Costanzo has been the subject of just one administrative investigation and one civil lawsuit,  both of which arise from this subject litigation.   Officer Costanzo has provided that all documents related to that administrative investigation in his responses to Plaintiff's request for production of documents. *See* OPRI report ## 179- 312 and attachments, as listed in the Amended Table of Contents.

**INTERROGATORY NO. 7:** Were you involved in any way whatsoever in the arrest of Plaintiff Tapiwa Musonza on June 22, 2019? If yes, state the following:

a. how you learned of the incident, including the name, age and rank of the person who informed you, the method by which you were informed, the time you were informed, your location when you were informed and what you were doing at that time.
b. The first and last names of the other officers who were on the scene when you arrived.
c. whether you were the arresting officer;

d.  whether you were assisting another officer who was the arresting officer and the first and last name of that officer;
e.  whether you were acting in your official capacity as a police officer for MTPD; if no, state the nature of your presence at the scene.

**RESPONSE:**  Officer Costanzo arrested Plaintiff on June 22, 2019 while on duty as Metro Transit police officer.   Officer Costanzo was dispatched to a priority call at the U Street-Cardozo Metrorail station.  At the time that he heard the broadcast, Officer Costanzo was by the Judiciary Square Metrorail station in his Metro police car.   He  turned on his lights and sirens and drove urgently to the station.  On the way to the station, Officer Costanzo heard several requests by the officers on the scene for a priority response.  He arrived at the station several minutes after first hearing the call.   As Officer Costanzo ran into the station, a patron exiting the station told Officer Costanzo that the officers inside needed his help.  MTPD Officers Ditrick and Ottmer were at the scene with a detained juvenile when he arrived.  The full names and badges of the officers are  provided at #196, which is incorporated herein.   Officer Costanzo was the arresting officer of Plaintiff.   Officer Ditrick provided him assistance during the arrest.

**INTERROGATORY NO. 8**: Please identify all individuals whom you arrested or who were arrested by other officers at the scene of the June 22, 2019 incident that is the subject matter of Plaintiff's complaint.

**RESPONSE**:  Objection, said request is not relevant to the claims of this case; however, without waiver of this objection, Officer Costanzo states that he arrested Plaintiff on June 22, 2019 and did not arrest anyone else.

**INTERROGATORY NO. 9:** Please identify each and every individual who in any way participated in the detainment, tasing and arrest of Plaintiff Tapiwa Musonza on June 22, 2019. With regard to each individual, please set forth:

a. name, address, badge number, and official title or position;
b. state in detail the nature of each individual's involvement in the above-referenced actions, including but not limited to the specific actions taken by each individual;
c. state the name, badge number, and official title or position of each and every individual who was acting as a superior officer to whom you and any named officer reported at the time of the detainment and arrest.

**RESPONSE:** Officer Costanzo was the arresting officer of Plaintiff; Officer Ditrick provided assistance to Officer Costanzo during the arrest. Both are MTPD Officers. Each officer gave statements during MTPD's internal investigation of the matter. *See* OPRI report ## 179- 312, including attachments listed in Amended Table of Contents. These statements are incorporated herein. Officer Costanzo used his MTPD-issued CEW during the arrest. His two deployments of the CEW using the cartridges did not result in contact of Plaintiff, and therefore had no effect on Plaintiff; Officer Costanzo later used the CEW once in drive stun mode after Plaintiff was on the ground and still actively resisting arrest. *See* statements made in the MTPD investigation, produced in response to document requests, # 249-256 (Written Statement of Ditrick) and ## 306-308 (Written Statement of Costanzo).

Sgt. Yashinskie was the Sergeant that day for District 1, which is the District in which this incident occurred. He would be considered Officer Costanzo's superior officer at the time of this incident.

**INTERROGATORY NO. 10:** At any time did Plaintiff Tapiwa Musonza make any statements to you or anyone in your presence? If your answer is in the affirmative, please state:

a. the precise time when and where such statement was made;
b. the name and address of each person present when and where such statement was made;
c. if the statement was recorded in writing or otherwise, the location of such recording; and

d.  verbatim, any oral statement and provide any written or other recording or set forth the contents thereof verbatim.
e.

**RESPONSE:**

Plaintiff Musonza made several statements to Officer Costanzo, including but not limited to statements made to Officer Costanzo when Officer Costanzo first arrived on the scene at the U Street Metrorail station, and later, at the station manager's kiosk at the Metrorail station, after Plaintiff's arrest.  Additionally, Officer Costanzo incorporates herein by reference all statements made by Plaintiff which are included in the OPRI investigation, which has been provided to Plaintiff in discovery.

1. **Statements made on the station platform, when Officer Costanzo arrived**:

a) Officer Costanzo asked Plaintiff if he was a parent or guardian of the juvenile sitting on the bench, or if he knew the juvenile, and Plaintiff said no.  Officers Ditrick and Ottmer were present, as were other unidentified individuals.
b) Plaintiff stated said that he was in a public space and that Officer Costanzo could not make him move, after Officer Costanzo told him that he needed to back up and move away from the juvenile. Officers Ditrick and Ottmer were present, as were other unidentified individuals.
c) After Plaintiff pushed Officer Costanzo, Officer Costanzo drew his CEW, at which time Plaintiff stated, go ahead, tase me. Officers Ditrick and Ottmer were present, as were other unidentified individuals.

2. **After Plaintiff was arrested and was at the station manager's kiosk**:

a) Plaintiff stated that he was protecting the kids; when asked from whom, Plaintiff answered that he was protecting the kids from the police.  This was stated at the station manager kiosk after Plaintiff's arrest, approximately one minute or so after leaving the station platform where Plaintiff was arrested. Officer Costanzo does not know who else was present.
b) While at the kiosk, after Officer Costanzo told Plaintiff that the juveniles had been reported  to the police for threatening patrons with firecrackers in the station, Plaintiff responded, oh no, that is not ok.  Plaintiff then said that he was sorry and asked if Officer Costanzo could let him go.  Officer Costanzo does not know who else may have been present.
c) Plaintiff stated that he was not hurt when Officer Costanzo asked him if he was hurt. Plaintiff stated the same to the EMT personnel who arrived later at the kiosk.

d) Plaintiff stated that he did not want to go the hospital when asked by EMT if he wanted to go and stated that he was fine. This statement was made to EMT personnel while Officer Costanzo was present.

e) Plaintiff asked what he was under arrest for and Officer Costanzo stated for obstruction of justice and assault on a police officer. Officer Costanzo does not know who else may have been present.

f) Plaintiff told Officer Costanzo he has been in the United States for two years when Officer Costanzo asked for a form of identification. Officer Costanzo does not know who else may have been present.

**INTERROGATORY NO. 11:** Please state whether or not you were armed at the time of the subject incident, and if so, please:

a. detail (make or model) what type of firearm(s) you carried or possessed; and
b. detail (make or model) what other, if any, weapons you carried or possessed.

**RESPONSE:** Officer Costanzo was carrying his MTPD-issued O/C spray; his baton; his Sig Sauer P320 firearm, and his Conducted Electrical Weapon ("CEW"), which is a Taser X2.

**INTERROGATORY NO. 12:** Did you or anyone in your presence, in any manner, touch, push, shove, grab, kick, strike, pepper spray or tase the Plaintiff Tapiwa Musonza at the time and place alleged in Plaintiff's complaint? If your answer is in the affirmative, state:

a. the name and badge number of each officer involved;
b. the nature or each instance or physical contact, including shoving, pushing, take-downs, and other physical contact;
c. the precise location where each instance of physical contact occurred;
d. the precise date and time of day;
e. what weapon was used, if any;
f. what part(s) of Plaintiff's body was/were contacted;
g. as to uses of force against Plaintiff, the total number of times any taser was deployed in total and the precise number of times Plaintiff was struck by the taser and where on his body the taser made contact;
h. the circumstances which prompted each instance of such physical contact;
i. in detail, any and all injuries which you observed, or which have been reported to you, suffered by Plaintiff as a result of each such physical contact.

**RESPONSE:** Objection; Officer Costanzo cannot speak to all the actions Officer Ditrick took, as Officer Costanzo was focused on what he was doing; all actions are documented

by station video and other information, including statements made in the OPRI investigation.  *See* OPRI report ## 179- 312 and Attachments 4 and 17 in the Amended Table of Contents, which are incorporated herein by reference.  Officer Costanzo further states that  Plaintiff actively resisted Officer Costanzo's effort to move Plaintiff away from the immediate area where a criminal investigation of a juvenile was being conducted,  and where Plaintiff had engaged in unauthorized and unconsented to touching of the juvenile.   Plaintiff resisted moving away, and pushed back at Officer Costanzo, and struck Officer Costanzo with his hand, which constitutes an assault on a police officer.  Officer Costanzo drew his CEW, during which time Plaintiff continued to actively resist and advanced towards Officer Costanzo, at which time Officer Costanzo then deployed his CEW.  This first deployment and then the second deployment failed to establish contact with Plaintiff's skin and therefore had no physical effect on Plaintiff, as can be seen in the videos.   Officer Costanzo and Officer Ditrick then take Plaintiff to the ground; however, Plaintiff continues to actively resist.  At that point, Officer Costanzo uses his CEW to drive stun Plaintiff's leg.  Plaintiff continues to actively resist after the drive stun and then finally complies with the officers' commands.  Plaintiff is then handcuffed and arrested.

**INTERROGATORY NO. 13:** Do you claim that Plaintiff Tapiwa Musonza was at any time committing a crime in your presence? If yes, state:

   a.   the date, time, and place at which they committed a crime in your presence;
   b.   the exact nature of the criminal conduct that they committed in your presence;
   c.   the exact statute or other law, ordinance or regulation allegedly violated by the Plaintiff;
   d.   the exact WMATA rule, policy or ordinance allegedly violated by the Plaintiff.

**RESPONSE:**  Officer Costanzo had both actual and good faith probable cause to believe that Plaintiff was committing either obstruction of justice (D.C. Code Section 22-722 and/or resisting arrest by an individual reasonably believed to be law enforcement officer (DC Code Section 22-405.1),  and/or assault (D.C. Code Section 22-404), when Plaintiff repeatedly refused to leave the immediate area of the MTPD criminal investigation involving a juvenile seated on the station bench, and who Plaintiff had touched several times without authorization or consent, committing the crime of assault.   When Plaintiff pushed Officer Costanzo and hit him with his hand – all of which was done multiple time -- while refusing to leave the area of the criminal investigation, Officer Costanzo had probable cause to arrest Plaintiff for the crime of assault on a police officer and/or resisting arrest (D.C. Code Section 22-405 and 22-405.1)

**INTERROGATORY NO. 14:** Do you claim that you had knowledge or a reasonable belief that a crime had been committed and that Plaintiff was committing it? If yes, state:

    a.  the source of or manner in which you acquired such knowledge or reasonable belief;
    b.  the precise FACTS that support your knowledge or reasonable belief;
    c.  the exact nature of the crime you believe either of the Plaintiff had committed;
    d.  the exact statute or other law, ordinance or regulation allegedly violated by the Plaintiff;
    e.  the exact WMATA rule, policy or ordinance allegedly violated by the Plaintiff.

**RESPONSE:**  Officer Costanzo had both actual and good faith probable cause to believe that Plaintiff was committing either obstruction of justice (D.C. Code Section 22-722 and/or resisting arrest by an individual reasonably believed to be law enforcement officer (DC Code Section 22-405.1),  and/or assault (D.C. Code Section 22-404), when Plaintiff repeatedly refused to leave the immediate area of the MTPD

CONFIDENTIAL

criminal investigation involving a juvenile seated on the station bench, and who Plaintiff had touched several times without authorization or consent, committing the crime of assault. When Plaintiff pushed Officer Costanzo and hit him with his hand – multiple times -- while refusing to leave the area of the criminal investigation, Officer Costanzo had probable cause to arrest Plaintiff for the crime of assault on a police officer and/or resisting arrest (D.C. Code Section 22-405 and Section 22-405.1).

**INTERROGATORY NO. 15:** State whether you, or any other officer, informed the Plaintiff that he was under arrest.

    A.  <u>If yes, state:</u>
        a.  the name, age and race of the officer who informed the Plaintiff that he was under arrest;
        b.  the place and time the Plaintiff was informed that he was under arrest;
        c.  the substance of the statement informing the Plaintiff that he was under arrest;
        d.  the substance of the Plaintiff' reply, if any, to the statement advising either of them that he was under arrest.

    B.  <u>If no, state:</u>
        a.  the name, age, race and badge number, and address of each officer to whom the Plaintiff addressed an inquiry about his arrest;
        b.  the substance of his inquiry;
        c.  the reply of each officer to his inquiry;
        d.  the reason or reasons for the officers' failure to inform the Plaintiff that he was under arrest.

**RESPONSE:**  Officer Costanzo informed Plaintiff that he was under arrest when they were at the Metrorail station manager's kiosk. Officer Costanzo  moved Plaintiff away from the crowd to the kiosk just after Plaintiff was handcuffed, and it took approximately one minute or less for them to arrive at the kiosk.

CONFIDENTIAL

**INTERROGATORY NO. 16:** Did you make any oral or written report, statement or memorandum to anyone or for any purposes of the details of the incident involving the Plaintiff on June 22, 2019 pursuant to any policy? If yes, state:

a. the date, time, and place you made each such report;
b. the name, badge number, and address of every person to whom you made such a report;
c. the nature and substance of each such report;
d. the name and address of the present custodian of each such report;
e.  The type of policy that you followed, including how the policy is identified internally

**RESPONSE**:  Officer Costanzo wrote several MTPD reports pertaining to Plaintiff's arrest and use of force,  all of which have been produced in  response to the Plaintiff's document requests; those reports references the date of the report, and the badge numbers of any other officers, as are self-explanatory  regarding the nature of the report. *See* #195-205.  These reports are made after an arrest in accordance with MTPD procedures.

Officer Costanzo also provided a statement during MTPD's internal investigation of this matter, which also is being provided in discovery. *See* OPRI report 179- 312 and Attachment 17 as referenced in the Amended Table of Contents, which are incorporated herein by reference.

**INTERROGATORY NO. 17:** Please state whether or not you have had any conversations or communications, other than privileged communications with your attorney(s) regarding the subject incident with anyone in the Metro Transit Police Department, or anyone outside of the department subsequent to the incident with Plaintiff, and if so, further set forth:

a. who participated in each such conversation or communication (each individual's full name, address, phone number, employer, and badge number, if applicable);
b. the verbatim substance of the conversation or communication;
c. the date and time of day of each such conversation or communication;

    d.  whether the conversation or communication was oral or written, and if written, the name and address of the present custodian of such written conversation or communication.

**RESPONSE**:  Officer Costanzo had discussion with Officers Ditrick and Ottmer at the time of the arrest regarding the processing of Plaintiff.  Additionally, Officer Costanzo had a discussion with  MTPD Captain Hanna, as there were  threats of serious bodily injury being made against Officer Costanzo on social media and Captain Hanna expressed concern for Officer Costanzo.   Officer Costanzo also had discussions with Captain Sepulveda about taking time off from work.  He was informed by Chief Pavlik that he was being taken off duty and being placed on administrative leave; this conversation occurred approximately one week after the Plaintiff's arrest.   Later, Officer Costanzo provided statements at the time that MTPD conducted an internal investigation, ("OPRI investigation"), regarding Officer's Costanzo's arrest of Plaintiff, which have been provided to Plaintiff in both written and audio format in responses to Plaintiff's requests for documents.  *See* OPRI report 179- 312 and Attachment 17, as referenced in the Amended Table of Contents.

**INTERROGATORY NO. 18:** Please state whether you have ever pleaded guilty or been convicted of a felony, misdemeanor, or ordinance violation. If so, please further state as to each:

    a.  the city and state where convicted;
    b.  the date of conviction or guilty plea;
    c.  the offense of which you were convicted or to which you pleaded guilty;
    d.  the name, address, and cause number of the court involved;
    e.  the complete name used by you at the time of the conviction or guilty plea;
    f.  the punishment imposed and the date of the imposition of sentence, if sentence was imposed.

**RESPONSE**:  No.

**INTERROGATORY NO. 19:** Please state the name, business address, telephone number, email address, and qualifications for each and every person whom you or your attorney expect to call as an expert witness at the trial of this matter and state the general nature of the subject matter on which each expert is expected to testify.

**RESPONSE**:  This information will be provided pursuant to Rule 26(a)(1).

**INTERROGATORY NO. 20:** Please state the number of times that you utilized force in your capacity as an MTPD officer and identify the types of force you used by category, the number of times you used force against a Black person, the type of force used in those instances by percentage and the location where you used this type of force.

**RESPONSE:  Objection. This interrogatory has been withdrawn by Plaintiff's counsel during the course of discussions between Defense counsel and Plaintiff's counsel when preparing their arguments to submit to Judge Chutkan for a protective order. As Plaintiff's counsel withdrew this Interrogatory, it is not to be answered.**

**INTERROGATORY NO. 21:** Please provide the name of any and all witnesses who possess relevant information about the claims, defenses and overall subject matter of Plaintiff's complaint and provide their relevance to each one of your claims and defenses.

**RESPONSE:**   Objection; discovery is ongoing and Officer Costanzo is still learning of assertions and claims by Plaintiff during this process; as a result, Officer Costanzo cannot determine all information which may be relevant.  Officer Costanzo further objects to the extent that Plaintiff seeks the mental impressions and strategy of his attorney, which is protected as attorney work product.  Without waiving these objections, Officer Costanzo states that the witnesses named in in the OPRI investigation have relevant information about the subject matter of Plaintiff's Complaint; the factual information that each individual has regarding this incident is included in the OPRI Investigation and its

attachments. *See* OPRI report 179- 312 and Attachments listed in the Amended Table of Contents.

The witnesses names are Officer Ditrick; Officer Ottmer, Sgt. Yashinskie; Officer O'Donnell; Officer J. Graham; Officer E. Jimenez; Officer L. Hays; Officer C. Eagerton; Officer R. Graham; Officer A. Bowers; Officer B. Simon; Officer D. Allen; Officer S. Arechiga; Sgt. Pettis; Officer F. Vargas; Officer T'Shara Brown;  D.C. EMT Anthony Settle; D.C. EMT Joseph Clary; D.C. EMT Derlene Lyons; Station Manager Parker; Station Manager Freeman; and, ELES Tech Ozo.

**INTERROGATORY NO. 22:** Please identify the following information about individuals whom you have detained or arrested from 2017 to the present and for **each respective year** provide the following:

  a. State the number of individuals that you have detained and those you have arrested. These should be two separate categories.  In those same categories, identify, by percentage, how many detainees and arrestees were Black, White, Hispanic/Latino, Asian or other.
  b. Identify the locations of each detention or arrest by metro station (if applicable), bus stop (if applicable) or city and state and provide the number of arrests and detentions at each location.
  c. By percentage identify how many of the detainees and arrestees are under age 30.
  d. Of the arrests that you made, identify by percentage the crime committed and provide a breakdown, by percentage, of the race, color or ethnicity of the individuals whom you reported as being perpetrators of those crimes.
  e. Identify the number of arrests that resulted in prosecutions, pre-trial dismissals, guilty pleas entered, not guilty verdicts, and guilty verdicts.

  **RESPONSE:   Objection.  Defendant is seeking a protective order regarding this interrogatory. Personal information regarding the arrestees, including their race and age and ethnicity, has already been stricken by Judge Chutkan.**

**INTERROGATORY NO. 23:** Describe in detail the recordkeeping procedure utilized by the WMATA and/or Metro Transit Police, on June 22, 2019, for complaints and internal

investigations against its officers for police misconduct and civil rights violations. If the policy has been amended, identify the specific changes and their effective dates.

**RESPONSE:**  Objection; this interrogatory is irrelevant, as how the agency WMATA keeps its records regarding complaints and internal investigations has no bearing on Plaintiff's claims against an individual officer.  Further,  Officer Costanzo objects because is an individual officer of MTPD  and cannot speak for agency procedures, nor does he have any information and knowledge regarding the recordkeeping procedures utilized by WMATA for complaints and internal investigations.

**INTERROGATORY NO. 24:** Please describe in specific detail the official policies that were in place at the time of the incident utilized by the Metro Transit Police Department in making an arrest and using force. If said policy has changed in the last five (5) years, please identify those changes and the dates they were implemented.

 **RESPONSE:.** Objection; Officer Costanzo is aware of the General Orders, which set forth information as well as policy for all officers of the Metro Transit Police Force.  The following General Orders have been provided in Officer Costanzo's Responses to Plaintiff's Requests for Documents:  GO 325, Contacts, Stops and Frisks, at ## 103-107; GO132, Conducted Electronic Weapons, ## 97-102; GO Use of Force, at ## 93-96; GO 601 Arrest Policy, at ##111-112; GO 605, Prisoner Transportation, at ##113-116. Officer Costanzo is not aware of other official policies; further, the documents, which are incorporated herein by reference, speak for themselves.

**INTERROGATORY NO. 25:** Please provide the factual basis for each and every defense you have raised in response to the allegations in Plaintiff's Complaint.

CONFIDENTIAL

**RESPONSE:**  Objection to the extent that this interrogatory seeks the mental impressions and strategy of Defense counsel, which constitutes protected attorney work product; further, one cannot list *all* facts which may be relevant to Officer Costanzo's defense; however, without waiver of these objections, Officer Costanzo states that OPRI investigation, and  its attachments listed in the Amended Table of Contents, including but not limited to all witness statements and the video capturing the incident, demonstrate that Officer Costanzo was reasonable in his interaction with Plaintiff, who refused to leave the immediate area of an active criminal investigation involving a juvenile, who was being detained by Officers Ditrick and Ottmer.  Plaintiff touched the juvenile multiple times without consent or authorization; Plaintiff refused to leave the immediate area where MTPD officers were conducting a criminal investigation which involved a juvenile's detention, despite several requests to move away.  Plaintiff unlawfully pushed and struck Officer Costanzo several times while actively resisting Officer Costanzo's attempts to make Plaintiff leave the area of the active police investigation.  These acts constitute probable cause for assault on a police officer, as well as probable cause for resisting arrest.  Officer Costanzo's use of force, including his CEW deployment and use, were objectively reasonable in light of Plaintiff's active resistance and continued assaults upon Officer Costanzo.

CONFIDENTIAL

**I HEREBY CERTIFY THAT THE FOREGOING ANSWERS TO INTERROGATORIES ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.**

**EXECUTED May 11, 2020**

**Jonathan Costanzo**
**Officer, MTPD**


As to Objections:


/s/ Janice L. Cole
Janice L. Cole #440351
Senior Counsel II
WMATA
600 5th St., N.W.
Washington, D.C.  20001
(202) 962-2543 (o)
(202 604-1833 (m)
(202) 962-2550 (facsimile)


 /s/ Neal M. Janey, Jr.
Neal M. Janey, Jr., Bar No.:  995449
Senior Counsel
600 Fifth Street, N.W.
Washington, D.C.  20001
Telephone: (202) 962-1067
Facsimile:  (202) 962-2550
E-mail: nmjaney@wmata.com

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on <u>May 11, 2020,</u> a copy of the foregoing Officer Costanzo's

Answers to Plaintiff's Interrogatories was served by email upon:

Yaida Ford # 497013
Ford Law Pros PC
10 G Street, NE
Suite 600
Washington, DC  20001
202-792-4946
[yford@fordlawpros.com](mailto:yford@fordlawpros.com)
Counsel for Plaintiff

<u>/s/ Janice L. Cole</u>
Janice L. Cole

CONFIDENTIAL