**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **TAPIWA MUSONZA** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **CASE NO.: 1:19-cv-02779 JMC** |
| **OFFICER CONSTANZO, et al.** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CONFERENCE
UNDER RULE 16(a)**

Comes now Defendants by and through undersigned counsel and respectfully requests this Honorable Court to deny Plaintiff's Motion for a Rule 16(a) conference.

Undersigned counsel went on vacation as of 5:00 p.m. May 24, 2024, and will be leaving the country in less than 40 hours, and although she is in the midst of packing and organizing her two week family vacation out of the country, she wished to take time to file this opposition to Plaintiff's motion, after a colleague alerted her it had been filed. Plaintiff's counsel sought consent by email sent to undersigned counsel on Friday, May 24, 2024, at 6:06 p.m., <u>after the close of business hours on the Memorial day holiday weekend</u>. The motion was thereafter filed at 6:22 p.m.

A 16(a) conference is a pretrial conference. Defendants' own lengthy Motion for Summary Judgment along, filed approximately ten months ago, involves with five claims alleged each of the two Defendant officers, multiple exhibits, include several videos, and eighty-nine statements of material facts not in dispute. This is a complicated case involving complex constitutional claims and defenses, and the Court should not be hurried in its careful review of the evidence nor in

arriving at its decisions.  Plaintiff's counsel's speculative opinions about the Court's future ruling is not a basis for insisting on hearing and lacks a good faith basis as a reason for the request.

Further, Defendants have asserted qualified immunity as one of their defenses to the federal constitutional torts; this defense protects the Defendants not just from liability, but from having to participate in the court process itself.  The point of the qualified immunity defense is to "free officials from the concerns of litigation, including the 'avoidance of disruptive discovery.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 285 (U.S. 2009)(*quoting Siegert v. Gilley*, 600 U.S. 225, 236 (U.S. 1991).  This point provides the foundation for the Supreme Court's opinion that until "this threshold immunity is resolved, discovery should not be allowed."  *Harlow v. Fitzherald*, 457 U.S. 800, 818 (1982).

Wherefore, Plaintiff's Motion should be denied.  Defendants should not be required to discuss a case from which they have sought the protection of qualified immunity; procedurally, such a hearing would be ineffective and waste of the Court's time and resources.

May 24, 2024				Respectfully submitted,

*/s/ Janice L. Cole*
Janice L. Cole, Esquire (#440351)
**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**
Senior Counsel II
600 Fifth Street, N.W.
Washington, D.C.  20001
T: (202) 962-2543
F: (202) 962-2550
jlcole@wmata.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing **Defendants' Opposition to Plaintiff's Motion for a Rule 16(a) Conference** was electronically filed and served by this Court's electronic filing system on this 24nd day of May 2024 on:

Yaida Ford # 497013
yford@fordlawpros.com
Counsel for Plaintiff

                                        */s/ Janice L. Cole*
                                        Janice L. Cole, Esquire (#440351)