**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TAPIWA MUSONZA<br><br>*Plaintiff*,<br><br>v.<br><br>JONATHAN COSTANZO,<br><br>*Defendant*. | Case No. 1:19-cv-02779 |

## JOINT PROPOSED DISCOVERY SCHEDULE

In compliance with the Court's September 18, 2026 Minute Order, Plaintiff Tapiwa Musonza (Musonza) and Defendant Jonathan Costanzo (Costanzo), submit this Joint Status Report to update the Court on the posture of the case.

### I. Remaining Discovery, 26(a)(2)(B) disclosures and Depositions.

#### a. Musonza's Position

Defendant has not responded to the following discovery requests: (1) Plaintiff propounded RFAs on March 3, 2021. Ex. A. On March 9, 2022, Plaintiff propounded RFPs. Ex. B. Judge Chutkan finally resolved the discovery dispute on August 24, 2022 and requested that the parties submit a joint schedule in the case. At that time, Plaintiff had a pending request to propound 10 (ten) additional interrogatories. Plaintiff maintains that request.

Plaintiff disclosed the following experts but since their reports have aged, he may need to resubmit these disclosures:

- An economist
- A clinical psychologist.

- Vocational Rehab expert.

Plaintiff must also disclose the remaining experts:

- A neurologist
- A neuro-psych
- A new economist (Dick Edelman has retired)
- A police practices expert

Defendant did not name any rebuttal experts within the time frame permitted by any scheduling order, but Plaintiff does not object to Defendant doing so. Plaintiff was not given a chance to disclose the remaining experts due to the repeated stays of discovery in the case. These experts are required for Plaintiff to establish causation and liability at trial.

Plaintiff proposes disclosing all experts and amended disclosures by January 30, 2027 with rebuttals due 45 days later.

Plaintiff proposes completing discovery including all depositions no later than April 30, 2027.

**b. Costanzo's Position**

Officer Costanzo disagrees that Plaintiff has "propounded" any additional discovery. Judge Chutkan stayed discovery while the parties resolved a particular dispute in front of Judge Faruqui in 2022. No discovery has been propounded since that resolution, where the case continued to be stayed until the Court just recently ruled on the dispositive motions. Defendant is aware that Plaintiff intends to propound additional discovery; Defendant intends to do the same, including deposing Plaintiff and propounding additional discovery. (Plaintiff's Exhibit B is a Notice of Deposition, not Requests for Admissions). To the extent that Plaintiff seeks an additional ten interrogatories -- and the Court is inclined to allow Plaintiff to have additional

interrogatories - Defendant seek the same additional ten beyond the 25 allowed by the rules of this court.

Plaintiff disclosed three experts referenced in 1(a) prior to the Court staying the case during COVID. It is understandable that Plaintiff would need to substitute a new economist for the economist who has retired. It is not clear, however, why Plaintiff should be allowed to enlarge the number of experts and add more experts to the previous three she named. Defendant objects to the naming of new experts. No good cause has been provided by Plaintiff for this change. Defendant object to any new experts being designated by Plaintiff beyond the three already named.

Defendant did not name his experts; this case was stayed by the Court *prior to the due date of Defendant's disclosures*. Defendant will need time to respond to any experts named by Plaintiff. If the Court decides, over Defendant's objections, to allow Plaintiff to name additional experts, then Defendant would request the same 90-day period for his 26(a)(2) designation date as Plaintiff: until **March 31, 2027**.

None of the Plaintiff's expert have been deposed and Defendant intends to depose all of them, which will take time to schedule. Defendant requests discovery close **May 31, 2027.**

II. **Dispositive Motions**

**Defendant's Position:**

Since the parties will have named police practices experts at the end of this discovery period, Defendant believe would be appropriate and an efficient use of the court's time to calendar dispositive motions on the remaining claims of assault and battery at the end of discovery. No experts were relied upon in the prior briefing. There are technical matters beyond

the ken of a layperson intertwined with the remaining issues, so that a dispositive motion aided by an experts testimony could efficiently resolve all or some issues.

**Plaintiff's Position:**

Police expert testimony will not change the existence of factual disputes in any case. The sole purpose of their testimony is to aid the fact finder (in this case the jury) in their quest to establish whether or not a police officer's use of force was justified. By adding dispositive motions at the end of discovery, Defendant simply wants a second bite at the apple on the remaining claims in this case. The court has already ruled that there are disputes of fact as to whether an assault and battery occurred. The Court should not permit Defendant this opportunity.

**III. Trial Availability.**

**a. Musonza's Position**

Plaintiff is available for trial in June and July subject to all pre-trial deadlines.

**b. Costanzo's Position**

**Defendant is available for pretrial starting July 2027. Defendant request a Pretrial date with time periods for motions in limine.**

Date: September 30, 2026

Respectfully submitted,

/s/ Yaida O. Ford

Yaida O. Ford, # 497013
FORD LAW PROS, P.C.
1001 L Street, SE
Washington, DC 20003
Office: (202) 792-4946
Fax: (202) 827-7881
*yford@fordlawpros.com*
*Counsel for Plaintiff*

-and-

*/s/ Janice L. Cole*
Janice L. Cole #440351
Senior Counsel II
WMATA Legal Department
300 Seventh Street, S.W.
Washington, D.C. 20024
(202) 962-2543
jlcole@wmata.com

and

*/s/ Neal M. Janey, Jr.*
Neal M. Janey Jr. #995449
Senior Counsel II
Office of General Counsel – WMATA
300 Seventh Street, S.W.
Washington, D.C. 20024
(202) 627-4540
(202) 962-2550 (facsimile)
nmjaney@wmata.com

*Counsel for Defendant Costanzo*